GLADYS OLIVO ROMÁN, peticionaria, *v.* SECRETARIO DE HACIENDA, recurrido.

*Número:* CC-2004-43    *Resuelto:* 10 de marzo de 2005

168

*Roberto J. Sánchez Ramos,* procurador general, abogado de la parte recurrida; *Miguel A. Rodríguez Suárez,* abogado de la parte peticionaria.

El Juez Presidente Señor Hernández Denton emitió la opinión del Tribunal.

La controversia que nos ocupa requiere que determinemos cuál es el momento adecuado para que un contribuyente pueda incoar ante el Tribunal de Primera Instancia una demanda contra el Secretario de Hacienda para reclamar un reintegro de contribuciones sobre ingresos y las

advertencias que el Departamento de Hacienda debe hacer en torno a este derecho. Veamos.

## I

En agosto de 2000, la Sra. Gladys Olivo Román (señora Olivo Román), alegadamente, fue despedida de su empleo y recibió de su patrono quince mil dólares como parte de su compensación al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a *et seq.* Dicha suma de dinero fue incluida en la planilla de contribuciones sobre ingresos de la señora Olivo Román para el 2000, bajo el renglón de sueldos, comisiones, concesiones y propinas. Posteriormente, la señora Olivo Román sometió al Departamento de Hacienda una planilla enmendada para el año contributivo 2000, en la que excluyó de sus ingresos tributables la mencionada cantidad de dinero e hizo constar un reintegro de contribuciones por la suma de mil ochocientos treinta y tres dólares. Evaluadas las planillas, personal del Negociado de Procesamiento de Planillas del Departamento de Hacienda entregó personalmente a la señora Olivo Román un documento que contenía la información siguiente:

Estimado contribuyente:
La determinación final sobre su planilla de contribuciones sobre ingresos del AÑO 1998 [sic] como sigue:
Deseamos informarle que su planilla enmendada no procede; ya que los ingresos que disminuye son tributables en su totalidad.
De tener alguna duda, favor de llamar a Lisvette Lozada, 721–2020 Exts. 2216 a la 2218, Oficina 208, Sección Administración de Ajustes.

Cordialmente,
Lisvette Lozada (Fdo.)
Supervisor Sección
Administración de Ajuste o
Representante Autorizado
Apéndice, Anejo X, pág. 88.

A consecuencia de lo anterior, la señora Olivo Román presentó ante el tribunal de instancia una demanda contra el Secretario de Hacienda, en la cual reclamó el referido reintegro. Adujo, en síntesis, que tenía derecho a éste, ya que el pago que recibió de su ex patrono, el cual excluyó de sus ingresos mediante la planilla enmendada, no era un ingreso tributable, sino una indemnización. En oposición, el Secretario de Hacienda, representado por el Departamento de Justicia, solicitó la desestimación de la demanda bajo el fundamento de que no había emitido una denegatoria final de reintegro y que la señora Olivo Román no había agotado los remedios administrativos. El foro de instancia acogió el planteamiento del Secretario de Hacienda y desestimó la demanda. Debido a ello, la señora Olivo Román acudió al Tribunal de Apelaciones, quien confirmó tal dictamen. El foro apelativo intermedio concluyó que no había culminado el trámite administrativo sobre el reintegro, ya que no se le había notificado a la contribuyente, mediante correo certificado, la determinación que ésta impugnaba.

Insatisfecha, la señora Olivo Román acude ante nos y aduce que no existen remedios administrativos que agotar ante el Departamento de Hacienda y que la notificación hecha por el Negociado de Procesamiento de Planillas de dicho departamento es una determinación final de denegatoria de reintegro. Acordamos expedir. El Procurador General compareció en representación del Secretario de Hacienda y reiteró los planteamientos esbozados por este último. Con el beneficio de las comparecencias de ambas partes, resolvemos.

## II

■ A. Para disponer de este recurso es necesario, como cuestión de umbral, acudir a la disposición del Código

de Rentas Internas de 1994,(¹) que regula las solicitudes de reintegro por la vía judicial. La regla general sobre la litigación de reintegros, contenida en el Art. 6030 del Código de Rentas Internas, preceptúa:

> (a) *Regla General* — Si una reclamación de crédito o reintegro de cualquier contribución impuesta por este Subtítulo radicada por un contribuyente fuere *denegada en todo o en parte por el Secretario, éste deberá notificar de ello al contribuyente por correo certificado, y el contribuyente podrá recurrir contra dicha denegatoria ante el Tribunal de Primera Instancia,* radicando demanda en la forma provista por ley dentro de los 30 días siguientes a la fecha del depósito en el correo de dicha notificación. La no radicación de la demanda dentro del término aquí provisto privará al Tribunal de Primera Instancia de facultad para conocer del asunto.

> (b) *Limitación* — No se considerará por el Tribunal de Primera Instancia recurso alguno para el crédito o reintegro de cualquier contribución impuesta por este Código *a menos que exista una denegatoria por el Secretario de tal crédito o reintegro, notificada según se provee en el inciso (a).* (Énfasis suplido.) 13 L.P.R.A. sec. 8040.

■ Igual proceder surge del Art. 2(A)(6) de la Ley Núm. 235 de 10 de mayo de 1949, según enmendada,(²) el cual dispone que cuando un contribuyente no esté conforme con una determinación del Secretario de Hacienda en la que se niegue a conceder un reintegro de cualquier contribución, podrá presentar una demanda en el Tribunal Superior dentro del término de treinta días a partir de la fecha del depósito en el correo de la notificación del Secretario.

■ Se desprende de las antes citadas disposiciones que el procedimiento para solicitar un reintegro de contribuciones se desdobla en dos etapas, a saber: fase administrativa y fase judicial.

---

(¹) 13 L.P.R.A. sec. 8001 *et seq.*

(²) 13 L.P.R.A. sec. 282(A)(6).

La fase judicial requiere, como condición esencial, que el proceso administrativo de reintegro haya culminado con una denegatoria por parte del Secretario de Hacienda, la cual deberá ser notificada al contribuyente por correo certificado. Sin embargo, nos vemos precisados a abordar una interrogante neurálgica al tema que nos ocupa y cuya respuesta no surge de los referidos preceptos legales. Esta es, para fines del procedimiento aludido, qué constituye una denegatoria de reintegro por parte del Secretario de Hacienda, de la cual el contribuyente pueda acudir en revisión al foro judicial. Por lo tanto, debemos analizar el procedimiento administrativo aplicable a este caso para determinar en qué momento se produce la determinación final del Secretario de Hacienda sobre el reintegro solicitado.

▬▬ B. La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.)[3] fue aprobada con el propósito de sistematizar y crear un cuerpo de reglas mínimas que toda agencia deberá observar cuando formulen reglas y reglamentos, y al llevar a cabo sus procedimientos adjudicativos.[4] En ánimo de promover la uniformidad entre las agencias, la L.P.A.U. sustituyó los procedimientos administrativos que eran incompatibles con sus preceptos y ordenó el manejo de tales asuntos de manera consecuente con sus disposiciones. *Perfect Cleaning v. Cardiovascular*, 162 D.P.R. 745 (2004); *Asoc. Dueños Casas Parguera, Inc. v. J.P.*, 148 D.P.R. 307 (1999). No obstante, mediante la Ley Núm. 18 de 30 de noviembre de 1990 (Ley Núm. 18), 3 L.P.R.A. secs. 2102–2105, 2121, 2128–2130, 2132, 2134, 2136–2141, 2151 2170a, 2171 y 2181, la L.P.A.U. fue enmendada para añadirle, entre otras, ciertas disposiciones relativas a los procedimientos adjudicativos celebrados

---

[3] Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. secs. 2101 *et seq.*).

[4] Exposición de Motivos de la Ley Núm. 170, *supra*, 1988 Leyes de Puerto Rico 825.

ante el Departamento de Hacienda y a la revisión judicial de las determinaciones de su Secretario. Es decir, se proveyó un tratamiento administrativo particular, aplicable exclusivamente a determinadas acciones ejecutadas por el Secretario de Hacienda. Así, pues, se enmendó la Sec. 3.1 de la L.P.A.U. para incluir lo siguiente:

> Los procedimientos relativos a los asuntos y actuaciones del Secretario de Hacienda con respecto a las *leyes de rentas internas* del Estado Libre Asociado de Puerto Rico se regirán por las siguientes normas:
> (1)   Un funcionario designado por el Secretario de Hacienda realizará *una determinación preliminar*;
> (2)   el contribuyente no conforme con la determinación preliminar solicitará una vista informal que presidirá un funcionario distinto al que realizó la determinación preliminar. *Este realizará la determinación final* por delegación del Secretario de Hacienda. (Énfasis suplido.) 3 L.P.R.A. sec. 2151.

■    Igualmente, se modificó la Sec. 4.1 del mismo cuerpo legal para particularizar las disposiciones referentes a la revisión judicial de aquellas órdenes, resoluciones y providencias dictadas por el Secretario de Hacienda con relación a las leyes de rentas internas del Estado Libre Asociado de Puerto Rico. 3 L.P.R.A. sec. 2171. Así, se dispuso que estas determinaciones del Secretario de Hacienda serían revisadas mediante la presentación de una demanda y la celebración de un juicio *de novo*, ante la sala con competencia del Tribunal de Primera Instancia.

Las mencionadas enmiendas fueron el resultado de la inquietud legislativa por aclarar la duda que imperó entre la ciudadanía luego de la aprobación de la L.P.A.U. en 1988. Véase *Caribbean Petroleum Co. v. Depto. Hacienda*, 134 D.P.R. 861 (1993). Esto se debió a que, originalmente, las disposiciones de dicha pieza legislativa no se ajustaban a la naturaleza de los procedimientos llevados a cabo ante el Departamento de Hacienda con respecto a varias leyes de rentas internas, creando incertidumbre sobre los trámites que se debían seguir ante dicho departamento. Así se

deriva del Historial Legislativo de la Ley Núm. 18, 11ma Asamblea Legislativa, 4ta Sesión Ordinaria, y en particular, de la postura presentada por el Departamento de Hacienda ante las Comisiones de Gobierno de la Cámara de Representantes y del Senado del Estado Libre Asociado de Puerto Rico, la cual transcribimos, en lo pertinente:

El Departamento de Hacienda entiende que las disposiciones del Capítulo III de la Ley de Procedimiento, dan margen a que se interprete que los procedimientos de adjudicación, formales e informales, que el Departamento de Hacienda realiza al amparo de las leyes fiscales que éste administra, tiene que cumplir con los requisitos de dicho Capítulo.

. . . . . . . .

Resulta pertinente señalar que la Ley de Contribuciones sobre Ingresos, [así como otras leyes fiscales] proveen específicamente los procedimientos administrativos que tienen a su disposición un contribuyente para objetar las deficiencias o *denegatorias de reintegro* que lleva a cabo el Secretario de Hacienda y que le son notificados [sic] al contribuyente. *En virtud de estas leyes especiales el contribuyente tiene derecho a ser oído. Primero, informalmente por la persona que está llevando a cabo la investigación correspondiente, y luego, en una vista administrativa por un funcionario distinto al que determinó la deficiencia.*
*Posteriormente, si el contribuyente no estuviere de acuerdo con la determinación final a que llegó el funcionario que presidió la vista o que denegó el reintegro solicitado*, estas leyes especiales le conceden el derecho de recurrir, mediante una demanda, ante el Tribunal Superior para que éste evalúe el caso en sus méritos y determine la corrección de la actuación del Secretario. (Énfasis suplido y citas omitidas.)([5])

En vista de esta posición, la cual fue acogida por nuestra Asamblea Legislativa, se incorporaron las referidas enmiendas a la L.P.A.U. "con el objetivo de continuar con la práctica anterior del Departamento de Hacienda de ventilar estos asuntos de forma informal, para conveniencia y

---

([5]) Informe del Departamento de Hacienda presentado el 28 de septiembre de 1990 ante las Comisiones de Gobierno de la Cámara de Representantes y del Senado del Estado Libre Asociado de Puerto Rico sobre el P. de la C. 1120 y el P. del S. 913, 11ma Asamblea Legislativa, 4ta Sesión Ordinaria, págs. 2–3.

economía tanto del contribuyente como del Departamento".([6])

■ Cónsono con el esquema procesal introducido en la L.P.A.U., una solicitud de reintegro de contribuciones sobre ingresos tiene que presentarse, en primera instancia, ante el Secretario de Hacienda.([7]) Un funcionario del Departamento de Hacienda considerará la solicitud y la evaluará por designación del Secretario, aplicará las secciones del Código de Rentas Internas atinentes al reintegro([8]) y emitirá una *determinación preliminar* sobre el asunto, la cual deberá notificarse al contribuyente. En caso de que este último no esté conforme con la determinación inicial del Departamento de Hacienda, tiene derecho a solicitar la celebración de una vista informal ante un funcionario distinto al que intervino inicialmente. Este funcionario emitirá un nuevo dictamen, que constituirá la *determinación final* del Secretario de Hacienda, y el contribuyente será notificado mediante correo certificado. Una vez culminado dicho procedimiento, se dará paso a la fase judicial de la reclamación de reintegro mediante la presentación de la demanda correspondiente, en aquellos casos en los que el contribuyente esté insatisfecho con esta determinación final. En conclusión, en ausencia de alguno de estos trámites administrativos, la reclamación judicial del contribuyente sobre el reintegro será prematura, conforme a la Sec. 6030(b) del Código de Rentas Internas, 13 L.P.R.A. sec. 8040(b), y de la Sec. 3.1(a) de la L.P.A.U., 3 L.P.R.A. sec. 2151(a).

---

([6]) Informe de la Comisión de Gobierno de la Cámara de Representantes sobre el P. de la C. 1120 de 23 de octubre de 1990, 11ma Asamblea Legislativa, 4ta Sesión Ordinaria, pág. 12.

([7]) Conforme a la Sec. 3322–3(a) del Reglamento de Contribuciones sobre Ingresos, según enmendado, Reglamento Núm. 0457 presentado el 28 de septiembre de 1957, el contribuyente puede reclamar un reintegro mediante la presentación de la Forma 452, de la Forma 480, de la Forma 480A o mediante una planilla enmendada, en la Colecturía de Rentas Internas o ante el Negociado de Contribuciones sobre Ingresos. Además, según la Sec. 3322–3(b) del citado Reglamento, deberá expresar en detalle cada fundamento por el cual se reclama el reintegro y los hechos suficientes para informar al Secretario el fundamento exacto de éste.

([8]) 13 L.P.R.A. secs. 8030 y 8031.

Vista la normativa expuesta, veamos los hechos particulares ante nos.

## III

A. Se desprende del expediente que la señora Olivo Román presentó una planilla de contribuciones sobre ingresos enmendada para el 2000. Mediante ésta, la contribuyente redujo quince mil dólares de la partida previamente informada como sueldos, comisiones, concesiones y propinas, bajo el fundamento de que esa suma de dinero correspondía a una indemnización y que, a su entender, no constituía un ingreso tributable. Dicha reducción de ingresos produjo un reintegro de contribuciones, el cual surgía de la planilla enmendada. Dado que la Sec. 3322–3(a) del Reglamento de Contribuciones sobre Ingresos, *supra*, permite reclamar un reintegro de contribuciones mediante la presentación de una planilla enmendada, procedía que el Departamento de Hacienda atendiera el asunto a través del procedimiento administrativo aplicable a tales solicitudes.

Luego de considerar la información aludida, el Negociado de Procesamiento de Planillas del Departamento de Hacienda notificó a la señora Olivo Román "que su planilla enmendada no [procedía]; ya que los ingresos que disminuye son tributables en su totalidad". Apéndice, Anejo X, pág. 88. Además, informó ciertos números telefónicos mediante los cuales ésta podía comunicarse con el funcionario que suscribió la notificación, en caso de dudas. De dicha determinación acudió al foro de instancia la señora Olivo Román mediante la presentación de la demanda del epígrafe.

Es nuestra opinión que, aun cuando la señora Olivo Román tenía derecho a revisar la determinación del Secretario de Hacienda mediante la presentación de una demanda, ésta no procedía en esta etapa de los

procedimientos, ya que la notificación aludida constituye una *determinación preliminar* de dicha agencia. Era menester continuar con el cauce administrativo hasta que se produjera la *determinación final* del Secretario de Hacienda. Es decir, la señora Olivo Román debía solicitar una vista informal ante otro funcionario del Departamento de Hacienda para que éste, luego de escuchar sus argumentos, emitiera la resolución final. Una vez se notificara dicha determinación por correo certificado, con las debidas advertencias del derecho a presentar una demanda dentro de los próximos treinta días, se entendía culminada la fase administrativa de la solicitud de reintegro. Con ello, además, se daba paso a la fase judicial de dicha solicitud mediante la oportuna presentación de una demanda a esos efectos.

La señora Olivo Román arguye que, según surge del texto de la notificación del Negociado de Procesamiento de Planillas, ésta era la determinación final del Secretario de Hacienda sobre el reintegro. Aun cuando entendemos que la terminología utilizada por el Departamento de Hacienda en dicha notificación pudo haber inducido a la señora Olivo Román a creer que se trataba de una determinación final, lo cierto es que este error no le confirió jurisdicción al foro judicial. La revisión judicial de las determinaciones administrativas no puede depender del nombre con el cual se cataloguen estas últimas, sino de que éstas representen la posición final de la agencia tras la culminación del trámite administrativo disponible. De lo contrario, el procedimiento administrativo sucumbiría ante los errores de forma de la agencia.

En resumen, la señora Olivo Román debe agotar el procedimiento administrativo hasta tanto se produzca la determinación final del Secretario de Hacienda sobre el reintegro de contribuciones solicitado por ésta. Una vez culminen los procedimientos administrativos sobre el mencionado reintegro, la señora Olivo Román conserva su de-

recho de cuestionar ante el Tribunal de Primera Instancia la *determinación final* del Secretario de Hacienda.

B.   Sin embargo, lo anterior no dispone completamente del asunto que nos ocupa, pues no podemos abstraernos del hecho de que el Departamento de Hacienda no advirtió adecuadamente los derechos y procedimientos disponibles ante dicha agencia mediante la aludida notificación, omisión que abonó al proceder de la señora Olivo Román. El presente pleito pudo haberse evitado si el Departamento de Hacienda hubiera advertido en su notificación el trámite administrativo que debió proseguir la señora Olivo Román, y los derechos que le asistían, antes de entablar la reclamación judicial sobre reintegro.

■   Cabe señalar que los derechos provistos por un estatuto forman parte del debido proceso de ley. Así lo hemos reconocido, por ejemplo, con el derecho a solicitar la revisión judicial de las decisiones administrativas. *Colón Torres v. A.A.A.*, 143 D.P.R. 119 (1997). Como tales, estos derechos deben ser notificados propiamente a las partes. Hemos expresado reiteradamente que la falta de una notificación adecuada puede impedir que las partes procuren los remedios que tienen a su disposición, enervando con ello las garantías del debido proceso de ley. *Río Const. Corp. v. Mun. de Caguas*, 155 D.P.R. 394 (2001); *Mun. de Caguas v. AT & T*, 154 D.P.R. 401 (2001); *Pta. Arena Concrete, Inc. v. Junta de Subastas*, 153 D.P.R. 733 (2001); *Falcón Padilla v. Maldonado Quirós*, 138 D.P.R. 983 (1995).

■   Es decir, el deber de notificar a las partes una determinación administrativa de manera adecuada y completa no constituye un mero requisito. *Río Const. Corp. v. Mun. de Caguas*, supra. La notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia, además de que puede demorar innecesariamente los procedimientos administrativos y, posteriormente, los judiciales.

■    En vista de lo discutido, el contribuyente tiene derecho, por mandato expreso de la Sec. 3.1(a) de la L.P.A.U., a una vista informal ante un funcionario del Departamento de Hacienda distinto a quien realizó la determinación preliminar sobre su solicitud de reintegro, si no está conforme con tal dictamen.([9]) Dicha vista informal forma parte del debido proceso de ley del contribuyente y, como tal, el Departamento de Hacienda debe advertir la disponibilidad de la vista informal en notificaciones como la que originó el caso de autos. A consecuencia de ello, a partir de esta decisión, la mencionada agencia no sólo está obligada a notificar al contribuyente la determinación preliminar sobre el reintegro de manera que éste determine si está o no conforme con ella, sino que, además, debe advertirle los derechos que le asisten al culminar esa etapa procesal de forma tal que pueda beneficiarse de los remedios que tiene disponibles, en caso de que no esté satisfecho con la determinación preliminar. Sólo así la referida notificación cumpliría con el rigor del debido proceso de ley.

## IV

Por los fundamentos que anteceden, *se confirma la sentencia emitida por el Tribunal de Apelaciones. Se devuelve el caso al Departamento de Hacienda para la continuación de los procedimientos administrativos de forma compatible con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

---

([9]) 3 L.P.R.A. sec. 2151(a).