ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HEIDIE CALERO CALERO<br>RECURRENTE<br><br>v.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO MONTEBELLO Y SU PRESIDENTE LUIS QUIROGA CONSEJO DE TITULARES DEL CONDOMINIO MONTEBELLO, REPRESENTADO POR EL PRESIDENTE LUCAS QUIROGA, ALBERTO CUPELES, JULIE POWELL-ADMINISTRADOR<br>RECURRIDOS | KLRA202400056 | Solicitud de Revisión Administrativa ante el Departamento de Asuntos al Consumidor (DACO)<br><br>Querella núm. C-SAN-2023-0016061<br><br>Sobre:<br>CONDOMINIOS |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortíz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de abril de 2024.

Comparece la parte recurrente, Heidie Calero Calero (en adelante, "recurrente" o "Sra. Calero") mediante *Solicitud de Revisión Administrativa* y solicita la revisión de la *Resolución* dictada el 4 de diciembre de 2023 y notificada el 5 de diciembre de 2023 por el Departamento de Asuntos al Consumido (en adelante, "DACo"). Mediante el referido dictamen, el DACo declaró Ha Lugar una Querella sobre solicitud de información, pero denegó la entrega de los nombres, firmas, direcciones físicas, direcciones postales y correos electrónicos de los titulares del Condominio Montebello.

Por los fundamentos que expondremos a continuación, determinamos que carecemos de jurisdicción para atender el recurso ante su presentación prematura.

**I.**

El 1 de septiembre de 2023, la Sra. Calero presentó una *Querella* ante el DACo en contra de la Junta de Directores del Condominio Montebello representada por su Presidente, Luis Quiroga (en adelante, "Junta de Directores"), el Consejo de Titulares del Condominio Montebello, representado por su Presidente, Lucas Quiroga (en adelante, "Consejo de Titulares") (en conjunto, "recurridos" o "parte querellada"). La *Descripción de los Hechos* presentada en la Querella fue la siguiente:

> Desde enero 2023, he solicitado acceso a información financiera y de otro tipo de la Junta de Directores de Condominio Montebello donde resido y no me han dado acceso. Solicito: nombre, firma, dirección de correo electrónico, y dirección postal de quienes comprenden la comunidad de titulares de Condominio Montebello; (2) Grabación de asamblea ordinaria de dic[i]embre 22, 2022; (3) Copia de todo contrato de servicios de mantenimiento y conservación que se haya otorgado entre el 1 de enero de 2023 y esta fecha; (4) Copia de la carta a la gerencia de Condominio Montebello del auditor sobre los estados financieros del Condominio Montebello correspondientes al año fiscal 2021; [e] (5) Informe de ingresos y gastos mensuales del Condominio comparado con presupuesto mensual YTD año calendario 2023 (enero 2023 al presente).

De la *Querella* se desprenden las siguientes direcciones postales de las partes:

1) **HEIDIE CALERO CALERO**
   9 CALLE 1
   APT. I-317 COND. MONTEBELLO
   TRUJILLO ALTO, PR 00976-2429

2) **JUNTA DE DIRECTORES Y SU PRES. LUIS QUIROGA**
   BUZÓN A. CONDOMINIO MONTEBELLO
   TRUJILLO ALTO, PUERTO RICO, 00976

3) **CONSEJO DE TITULARES DEL COND. MONTEBELLO, REP. POR EL PRES. LUCAS QUIROGA**
   15 CALLE 1
   COND. MONTEBELLO
   APTO O-430
   TRUJILLO ALTO, PUERTO RICO, 00976

4) **ALBERTO CUPELES**
   18 CALLE 1
   COND. MONTEBELLO
   APT R136
   TRUJILLO ALTO, PUERTO RICO, 00976-2469

5) **JULIE POWELL-ADMINISTRADOR**
   1 CALLE 1
   COND. MONTEBELLO OFIC ADMIN.
   TRUJILLO ALTO, PR, 00976-2469

El 7 de septiembre de 2023, el DACo notificó la *Querella,* a la cual se le asignó el número C-SAN-2023-0016061, a las direcciones postales provistas. Consecuentemente, el 15 de septiembre de 2023, la notificación enviada a la Junta de Directores fue devuelta a la agencia debido a una dirección postal insuficiente.

Luego, el 4 de diciembre de 2023, el DACo emitió una *Resolución Sumaria* en la cual declaró Ha Lugar la Querella y se ordenó a la parte querellada la entrega de todo lo solicitado excepto los nombres, firmas, direcciones de correo electrónico, y direcciones postales de todos los titulares del Condominio. El referido dictamen fue notificado a las siguientes partes:

1) **HEIDIE CALERO CALERO**
   9 CALLE 1
   APT. I-317 COND. MONTEBELLO
   TRUJILLO ALTO, PR 00976-2429

2) **JULIE POWELL – ADMINISTRADORA**
   1 CALLE 1
   COND. MONTEBELLO OFIC ADMIN.
   TRUJILLO ALTO, PR, 00976-2469

3) **CONSEJO DE TITULARES DEL COND. MONTEBELLO, REP. POR EL PRES. LUCAS QUIROGA**
   COND. MONTEBELLO
   15 CALLE 1 APTO O-430
   TRUJILLO ALTO, PR, 00976

El 20 de diciembre de 2023, la recurrente presentó una moción de reconsideración. Transcurrido el término para que el DACo emitiera una determinación, el 5 de febrero de 2024, la Sra. Calero presentó una *Solicitud de Revisión Administrativa* solicitando la revisión de la *Resolución Sumaria.* La parte apelante realizó el siguiente señalamiento de error:

> **Erró DACO al no reconocer el derecho de la recurrente como titular del Condominio Montebello a conocer el nombre, dirección, dirección de correo electrónico y dirección de correo postal de los titulares de dicho condominio a los efectos de convocar una asamblea.**

La Sra. Calero notificó la presentación del recurso de revisión a las siguientes direcciones:

1) **JULIE POWELL – ADMINISTRADORA**
   1 CALLE 1, COND. MONTEBELLO, OFICINA
   ADMINISTRACIÓN, TRUJILLO ALTO, PR, 00976-2429

2) **CONSEJO DE TITULARES DEL COND. MONTEBELLO, REPRESENTADO POR SU PRESIDENTA**
   2 CALLE 1 APTO. B504, COND. MONTEBELLO, TRUJILLO ALTO, PR, 00976-2429

3) **JUNTA DE DIRECTORES DEL COND. MONTEBELLO Y SU PRESIDENTE**
DIRECCIÓN ENVIADA: 1 CALLE 1 CONDOMINIO MONTEBELLO, OFICINA DE ADMINISTRACIÓN, TRUJILLO ALTO, PR, 00976-2429

4) **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR**
DIRECCIÓN ENVIADA: OFICINA REGIONAL DE SAN JUAN, APARTADO 41059, ESTACIÓN MINILLAS, SAN JUAN, PR 00940-1059

El 11 de marzo de 2024, los recurridos presentaron su alegato en oposición y solicitaron la desestimación del recurso por falta de jurisdicción. Los recurridos señalan que la Sra. Calero envió la notificación destinada al Consejo de Titulares a una dirección distinta a la que obra en el expediente del DACo. Así las cosas, los recurridos argumentan que la recurrente incumplió con la Regla 13 (B) (2) de nuestro Reglamento, privándonos de jurisdicción para atender el recurso.

Así las cosas, el 19 de marzo de 2024, dictaminamos una *Resolución* mediante la cual le concedimos a la Sra. Calero un término para que mostrara justa causa por la cual no debíamos desestimar el recurso.

El 25 de marzo de 2024, la Sra. Calero presentó una *Moción en Cumplimiento de Orden* en la cual adujo que la notificación de la *Resolución Sumaria* emitida por el DACo adolece de defectos debido a que no fue notificada a la Junta de Directores y a Alberto Cupeles. A su vez, sostiene que, ante una notificación defectuosa, los términos para acudir en revisión judicial no han comenzado a correr. Por todo lo cual, solicita que devolvamos el caso al DACo y ordenemos la notificación de la *Resolución Sumaria* a todas las partes del pleito.

Revisados los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

## II.

### -A-

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar

es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-B-**

La Sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone sobre la notificación de las órdenes y resoluciones administrativas lo siguiente:

> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que estas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.

> La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos

copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.

Asimismo, el Reglamento 8034 de *Procedimientos Adjudicativos del Departamento de Asuntos del Consumidor*, Núm. 8034 del 14 de junio de 2011 (Reglamento de DACo), en la Regla 7.1 (b) establece lo siguiente:

Deberán incluirse las direcciones físicas, postales, correo electrónico, número de teléfonos y tele-copiador de todas las partes en la querella, así como cualquier otra información que los identifique y pueda corroborar su identidad. Entiéndase que esa dirección que obre en el expediente será la dirección para recibir notificaciones, entendiéndose que cumple con la notificación establecida en el ordenamiento jurídico.

La notificación adecuada de las decisiones administrativas es parte del principio constitucional de que todo ciudadano ostenta un derecho a un debido proceso de ley. *Colón Torres v. A.A.A.*, 143 DPR 119, 124 (1997). La notificación sirve un propósito lógico y sabio en la administración de la justicia, al proteger el derecho de la parte afectada a procurar la revisión judicial de un dictamen adverso. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 329 (2006); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993).

Asimismo, la notificación les concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24, 34 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de una parte. *Íd.*

El deber de notificar a las partes una determinación administrativa de manera adecuada y completa no constituye un mero requisito. *Olivo v. Srio. de Hacienda*, 164 DPR 165, 178 (2005). Una notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia, además de que puede demorar innecesariamente los procedimientos administrativos y, posteriormente, los judiciales. *Íd.*

En fin, la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* para un ordenado sistema judicial. De lo contrario, se crearía una incertidumbre sobre cuándo comienzan los términos para incoar los remedios *post-dictamen*, entre otras graves consecuencias y demoras. *Dávila Pollock et al v. R. F. Mortgage*, 182 DPR 86, 94 (2011).

Es por ello que, una notificación defectuosa nos priva de revisar la decisión administrativa. Hasta tanto se notifique adecuadamente la decisión final administrativa, el recurso apelativo resultará prematuro y, como foro apelativo, careceremos de jurisdicción.

**III.**

Como Tribunal Apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

En el caso de autos, la Sra. Calero solicitó la revisión de la *Resolución Sumaria* emitida por el DACo el 4 de diciembre de 2023 y notificada el 5 de diciembre de 2023. No obstante, el 25 de marzo de 2024, señaló ante esta Curia que la notificación de la Resolución recurrida fue defectuosa, ya que el DACo no notificó la misma a la Junta de Directores y a Alberto Cupeles, partes querelladas en la *Querella* de epígrafe.

Surge del expediente que el DACo notificó la *Querella* a todas las partes mediante correo postal enviado a las direcciones provistas por la Sra. Calero. Posteriormente, el DACo advino en conocimiento de que la dirección correspondiente a la Junta de Directores era insuficiente, y, como consecuencia, la parte no fue notificada de la *Querella*. No obstante, el foro recurrido continuó con los procedimientos.

Así, pues, el DACo emitió una *Resolución Sumaria*, la cual únicamente fue notificada a la Sra. Calero, el Consejo de Titulares y a la Sra. Powell. Conforme surge de la referida notificación, el DACo no le notificó el dictamen a la Junta de Directores ni al Sr. Alberto Cupeles.

Recordemos que las agencias están obligadas a notificar las órdenes y resoluciones a todas las partes y a sus abogados, de estas tenerlos. Lo contrario implica que la notificación emitida es defectuosa e impide que este Tribunal de Apelaciones adjudique la decisión administrativa recurrida, toda

vez que los términos jurisdiccionales de revisión no han comenzado a cursar. En este caso, el DACo estaba obligado a notificar oportunamente a todas las partes.

Concluimos pues, que la notificación emitida por el DACo es una defectuosa, por lo que los términos para acudir en revisión a este Tribunal nunca comenzaron a transcurrir.

El efecto de que el ente gubernamental incumpla con las disposiciones de la Sección 3.14 de la LPAU, *supra*, es que la determinación impugnada nunca surtió efecto. Por lo tanto, el término para acudir a este Tribunal no comenzó a transcurrir, convirtiendo así el recurso presentado en uno prematuro. Así las cosas, este Tribunal carece de jurisdicción para atender el recurso incoado por la Sra. Calero y lo que procede es su desestimación, al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 83. El DACo deberá notificar conforme a derecho sus pronunciamientos.

**IV.**

Por los fundamentos que anteceden, se *desestima* el presente recurso por prematuro. Se devuelve el caso al DACo para que proceda conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones