ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **IVONNE PACHECO SANTANA y DONALD MATTEI SANTIAGO**<br><br>Recurridos<br><br>v.<br><br>**CARLOS BERMÚDEZ GONZÁLEZ**<br><br>Peticionario | KLCE202401087 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2023CV02303**<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de octubre de 2024.

El señor Carlos Bermúdez González (señor Bermúdez González o peticionario) comparece ante este Tribunal de Apelaciones y solicita que revisemos la *Orden* notificada el 23 de septiembre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce. Mediante la misma, el foro *a quo* declaró *no ha lugar* la *Moción Urgente para Solicitar Tiempo Adicional para Estudiar Expediente y Comparecer* incoada por el peticionario.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* solicitado y se revoca la *Orden* recurrida. Veamos.

**I.**

Según surge del expediente ante este Foro y del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el caso de autos se originó el 1 de agosto de 2023, cuando el señor Donald Mattei Santiago y la señora Ivonne Pacheco Santana instaron una

Número Identificador

SEN2024 _____

demanda de cobro de dinero contra el señor Bermúdez González por una deuda relacionada a un subcontrato de servicios de renta de equipo pesado realizada para el Municipio de Peñuelas. El 18 de agosto de 2023, el señor Bermúdez González fue emplazado personalmente y el 12 de octubre de 2023, el TPI le anotó la rebeldía por no haber contestado la demanda ni haber solicitado prórroga alguna para comparecer de forma oportuna.

Mediante *Sentencia* dictada el 13 de octubre de 2023, el foro *a quo* dio por admitidas todas las aseveraciones incluidas en la demanda y la declaró *Con Lugar.* Consecuentemente, condenó al señor Bermúdez González a pagarle a la señora Pacheco Santana $15,380.00 y al señor Mattei Santiago la suma de $8,110.00, más intereses al 9.25% anual, costas y gastos del litigio. La notificación de la *Sentencia* enviada al señor Bermúdez González el 19 de octubre de 2023 fue devuelta por el correo postal con la siguiente anotación: "*Return to Sender. No Such Number. Unable to Forward*".[1] El 15 de diciembre de 2023, el TPI dictó una *Resolución sobre Ejecución de Sentencia,* en la cual expuso lo siguiente:

> Surge del expediente que la notificación de la Sentencia a la parte demandada, a su dirección conocida, resultó devuelta por el servicio postal, por lo que la sentencia no es final, firme ni ejecutable. Se concede un término de 10 días a la parte demandante para informar nueva dirección o para solicitar notificar la Sentencia por otro medio.

A raíz de lo anterior, el señor Mattei Santiago y la señora Pacheco Santana notificaron la *Sentencia* por edicto, más informaron al Tribunal que, aunque conforme con las reglas de Procedimiento Civil de Puerto Rico, dirigieron una copia de la sentencia por correo certificado con acuse de recibo dentro de los 10 días siguientes a la publicación del edicto, a la última dirección

---

[1] SUMAC, entrada [8].

postal conocida del señor Bermúdez González, esta fue devuelta por el servicio postal.[2]

Tras varios trámites referentes a la ejecución de la sentencia, y en lo pertinente, el 9 de agosto de 2024, el Tribunal de Primera Instancia dictó una *Orden de Mostrar Causa Enmendada*[3], en la cual se ordenó al señor Bermúdez González comparecer a una vista a celebrarse el 19 de septiembre de 2024 para que mostrara causa, si alguna tuviera, por la cual no debía ser encontrado incurso en desacato por su incomparecencia a una toma de deposición pautada para el 29 de julio de 2024. El Tribunal le apercibió que, de no comparecer a la vista, se le consideraría incurso en desacato y enfrentaría el proceso de ley correspondiente.

El 19 de septiembre de 2024 a las 12:50 pm, el licenciado Edgar Pérez Durán y la licenciada Sonelisse Ruiz Campos incoaron una moción intitulada *Moción Urgente para Solicitar Tiempo Adicional para Estudiar Expediente y Comparecer,* con el propósito exclusivo de requerir la suspensión de la vista de desacato programada para ese día. En su escrito, expusieron que eran los nuevos representantes legales del señor Bermúdez González y que este último les informó que recibió un mensaje en el cual le indicaron que alegadamente ese día "iba preso". Por lo anterior, adujeron que necesitaban un tiempo adicional para revisar el expediente del caso. Ese mismo día a las 2:00 pm se llevó a cabo la vista de mostrar causa y se pautó la continuación para el 2 de octubre de 2024.

Llegado a este punto, el mismo 19 de septiembre de 2024, el TPI dictó el pronunciamiento que hoy revisamos, mediante el cual

---

[2] SUMAC, entrada [15].
[3] Orden fue enmendada el 19 de agosto de 2024, a los únicos efectos de corregir la fecha de la vista de mostrar causa.

declaró *No Ha Lugar* la referida moción urgente presentada por los representantes legales del señor Bermúdez González.[4]

En desacuerdo, el 8 de octubre de 2024, el señor Bermúdez González acude ante nos y alega que el foro de instancia cometió los siguientes errores:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al denegar la moción presentada el 19 de septiembre de 2024, en la cual el Lcdo. Edgar Pérez Durán y la Lcda. Sonelisse Marie Ruiz Campos solicitaron tiempo adicional para familiarizarse con el caso y asumir la representación legal del Sr. Carlos Bermúdez.

> **SEGUNDO ERROR:** Erró el Tribunal de Primera Instancia al emitir una sentencia en rebeldía contra el Sr. Carlos Bermúdez González, sentencia basada en un emplazamiento defectuoso que carecía del plazo requerido para contestar la demanda, en incumplimiento con la Regla 4.2 de Procedimiento Civil, la cual establece que en el emplazamiento se debe constar "el plazo dentro del cual estas reglas exigen que comparezca la parte demandada al tribunal". 32 LPRA Ap. V, R.4.2.

Junto a su recurso, el señor Bermúdez González instó una *Moción en Auxilio de Jurisdicción y de Paralización de los Procedimientos*, con el propósito de que se suspendieran los procesos en el TPI en el caso de referencia, incluyendo cualquier orden de arresto, hasta que resolviéramos el recurso de *certiorari*.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[5] Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1, dispone taxativamente los asuntos que podemos atender mediante

---

[4] De la *Minuta-Orden* [37] se desprende que el Tribunal denegó la solicitud de los abogados por no cumplir con la Regla 9.2 de Procedimiento Civil.
[5] 4 LPRA Ap. XXII-B, R. 7 (B)(5).

el recurso de *certiorari*. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla.[6] En vista de lo anterior, el recurso de *certiorari* es el mecanismo adecuado para solicitar la revisión de un asunto de esta índole. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). Por consiguiente, para determinar si procede la expedición de un recurso discrecional de *certiorari* en los que se recurre de determinaciones *postsentencia* es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra*.

El auto de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*,  211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones

---

[6] De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes *postsentencia*, inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra.

enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En la presente causa, los licenciados Pérez Durán y Ruiz Campos, abogados *de facto* del peticionario, requirieron al TPI que les concediera un término adicional de 20 días para revisar el expediente del caso de referencia, como parte de los procedimientos

*postsentencia* que se llevan a cabo contra su representado.[7] Por medio de la *Orden* recurrida, el foro de instancia no concedió el plazo solicitado. En su primer señalamiento de error, el peticionario alega que el TPI se equivocó al así actuar.

Analizado el expediente, aunque el pronunciamiento recurrido versa sobre un asunto de manejo de caso que descansa en la sana discreción del Tribunal, las circunstancias traídas a nuestra atención ameritan nuestra intervención.[8] En ese sentido, concluimos que el TPI actuó incorrectamente al dictaminar *No Ha Lugar* a la solicitud de un término adicional de los abogados atañidos, quienes, según reseñado, esbozaron en su moción que eran los nuevos representantes legales del peticionario. No obstante, del expediente surge que el TPI ha notificado varios procedimientos del caso a los licenciados Pérez Durán y Ruiz Campos. Ello nos lleva a concluir que, a pesar de la denegatoria expresa del TPI mediante la *Orden* objetada, la realidad fáctica demuestra que sí lo aprobó.[9] El primer error se cometió.

En su segundo señalamiento de error, el peticionario esboza que la sentencia en rebeldía dictada en su contra y todo trámite ulterior se basó en un emplazamiento que no cumplió con los requisitos de forma impuestos por la Regla 4.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.2.[10] Por ende, arguye que el foro primario

---

[7] En esta comparecencia, los representantes legales mencionaron que la moción se presentaba de manera limitada y especial, específicamente para solicitar un tiempo adicional, sin que ello constituyera una sumisión voluntaria a la jurisdicción del Tribunal. Ello, con la intención de reservar la potestad de plantear futuros argumentos relacionados con la jurisdicción en caso de que fuera necesario. Apéndice del recurso, Anejo 4, págs. 8-9.

[8] Recordemos que el Tribunal de Primera Instancia tiene amplia discreción sobre el manejo de los casos que se ventilan ante sí, razón por la cual, como norma general, no debemos intervenir con dicho ejercicio. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra; *Vives Vázquez v. ELA*, 142 DPR 117, 141 (1996).

[9] Véanse, entradas [38] y [48] del SUMAC.

[10] Cabe destacar que del SUMAC surge que el TPI emitió una *Orden de Mostrar Causa* [38] el 3 de octubre de 2024, notificada a los representantes legales de las partes, en la cual se le ordena al señor Bermúdez González comparecer el 30 de octubre de 2024 a una vista de mostrar causa por su reiterado incumplimiento con las órdenes del Tribunal. Además, no surge del expediente que se haya expedido orden de arresto alguna en esta etapa de los procesos. Sin embargo, el 9 de octubre de 2024, el TPI dictó una *Orden* [48], mediante la cual dejó sin efecto una orden de arresto emitida en corte abierta el 2 de octubre de 2024.

no ostentaba jurisdicción sobre su persona, por lo cual la sentencia concernida debe ser dejada sin efecto, al amparo de las disposiciones de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. No obstante, del expediente no surge que el peticionario haya llevado oportunamente a la atención del Tribunal de Primera Instancia una moción de relevo de sentencia. Por tanto, este Foro está impedido de atender los méritos de dichos argumentos. Véase, *Trabal Morales v. Ruiz Rodríguez*, 125 DPR 340, 351 (1990).

Así las cosas, a tenor con las disposiciones de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, expedimos el auto de *certiorari* y dejamos sin efecto el pronunciamiento impugnado. Ello, a los efectos de autorizar la moción presentada el 19 de septiembre de 2024 por el licenciado Edgar Pérez Durán y la licenciada Sonelisse Ruiz Campos aceptándolos como la representación legal del señor Bermúdez González y concediéndoles un término de veinte (20) días para presentar cualquier moción.

## IV.

Ante las disposiciones de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, expedimos el auto de *certiorari* y revocamos la *Orden* impugnada.

De otra parte, declaramos *No Ha Lugar* la moción en auxilio de jurisdicción incoada por el peticionario. Devolvemos el caso al TPI para la continuación de los procedimientos conforme lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La juez Barresi Ramos *disiente* con la disposición del presente caso. Toda vez que "la correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema de justicia. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el

proceso judicial".[1] El deber de notificar a las partes no constituye un mero requisito, pues "la falta de una notificación adecuada puede impedir que las partes procuren los remedios que tienen a su disposición, enervando con ello las garantías del debido proceso de ley".[2] En octubre de 2023, se notificó la *Sentencia* y la misma fue devuelta por el servicio postal.[3] Así las cosas, el 15 de diciembre de 2023, se dictaminó *Resolución sobre Ejecución de Sentencia* en la cual se concedió un término de diez (10) días para informar nueva dirección o solicitar notificar por otro medio. El 29 de diciembre de 2023, se decretó *Resolución sobre Notificación de Sentencia* autorizando a secretaria expedir la *Notificación de Sentencia por Edicto.* En el presente caso, **no** surge del expediente judicial que, en febrero de 2024, se haya **notificado adecuadamente** la *Sentencia* publicada en El Nuevo Día **a la última dirección conocida** del señor Bermúdez González. Esto es, la dirección utilizada para las antedichas notificaciones es **incorrecta** y **no** coincide con la cual surge del récord.[4] Así lo hizo constar el servicio de correo (USPS) al indicar "Return to Sender Insufficient Address". Por ende, dicha *Sentencia* ha advenido final pero no es firme, así como no se puede recurrir para un remedio ante el Tribunal de Apelaciones. Ante ello, **no** tenemos jurisdicción para atender este recurso y el foro *a quo* no tenía discreción para imponer sanciones por su alegado incumplimiento con el descubrimiento de prueba.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] *Yumac Home v. Empresas Masso,* 194 DPR 96 (2015).
[2] *Olivo Román v. Secretario de Hacienda,* 164 DPR 165, 178 (2005).
[3] "Return to Sender No Such Number Unable to Forward"
[4] Véase el *Emplazamiento* diligenciado el 18 de agosto de 2023 que contiene la dirección.