Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ÁNGEL RAFAEL DELGADO POL<br>Demandante<br><br>Vs.<br><br>MANUEL FRANCISCO PIETRI VÉLEZ<br><br>Demandado-Recurrido<br><br>GERALDO GONZÁLEZ GONZÁLEZ<br>Interventor-Recurrido<br><br>EDGARDO CRESPO RODRÍGUEZ<br>Tercero Demandado Peticionario | KLCE202401236 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Lares<br><br>Caso Núm. L3CI2015-00032<br><br>Sobre:<br>INCUMPLIMIENTO DE CONTRATO, COBRO DE DINERO, REIVINDICACIÓN, DAÑOS Y PERJUICIOS |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

Por las razones que se exponen a continuación, y prescindiendo de trámites ulteriores según autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), denegamos el auto de *certiorari* aquí solicitado.

*-I-*

La parte codemandada peticionaria, el señor Edgardo Crespo Rodríguez, solicita la expedición del presente auto para dejar sin efecto cierta orden de embargo expedida en el trámite *post sentencia* del caso.

Conforme surge del expediente, el 29 de noviembre de 2023 el Tribunal de Primera Instancia ordenó un embargo relacionado al crédito del demandante recurrido según establecido en la sentencia final y firme relacionada a la demanda del epígrafe. La orden de embargo es contra una propiedad inmueble de la parte

peticionaria. El peticionario aseveró la falta de notificación de la moción cuya consecuencia culminó en la aludida orden embargo. En consecuencia, imputa el incumplimiento al foro primario con la Regla 67 de Procedimiento Civil, y la violación al debido proceso de ley.

Examinadas las posturas del peticionario, el 9 de octubre de 2024 el foro recurrido expidió la *Resolución* recurrida en la cual resolvió la improcedencia de las aseveraciones del peticionario. En el dictamen apelado, el juez de primera instancia concluyó:

> La falta de notificación de la solicitud de embargo, si bien vedó la posibilidad de oponerse a esta antes de que se dictara la orden judicial, contrario a lo que argumenta el tercero demandado a través de su representación legal, ello no impidió al tercero demandado que pudiera reaccionar al embargo mediante el mecanismo de la reconsideración de la orden emitida por el Tribunal. ...
>
> [...]
>
> [E]l tercero demandado admitió que recibió la orden de embargo, presentó la reconsideración de dicha orden dentro del término establecido por las Reglas de Procedimiento Civil de 2009 y expuso todos los fundamentos legales por los cuales entendía que no procedía la orden de embargo conforme a derecho, ellos sin levantar como defensa la falta de notificación en aquel entonces, la cual fue levantada por primera vez el 23 de septiembre de 2024 mediante la presentación de la Moción de Reconsideración que aquí nos ocupa. Así pues, es forzoso concluir que el incumplimiento de la Parte Interventora con la Regla 67 de Procedimiento Civil de 2009 al no notificarle al tercero demandado la solicitud de embargo, no le causó perjuicio indebido al tercero demandado ni lo colocó en un estado de indefensión en las etapas posteriores del caso y, por consiguiente, tampoco violó el debido proceso de ley. Como consecuencia de ello, la orden de embargo dictada el 29 de noviembre de 2023 y notificada el 5 de diciembre de 2023 sigue siendo válida.

Inconforme, comparece la parte recurrente, y en su alegato reitera los argumentos planteados ante el foro primario.

Conforme adelantado, estamos en posición de resolver el recurso promovido sin ulterior trámite. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra.*

*-II-*

*-A-*

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *García v. Padró, supra*, pág. 334. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

       C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

       D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

       E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

       F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

       G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*-B-*

Las exigencias del debido proceso de ley, en su vertiente procesal, deben cumplirse según los siguientes requisitos: (1) **notificación adecuada del proceso**; (2) adjudicador imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. *Rivera Rodríguez & Co. v. Lee Stowell*, 133 DPR 881, 889 (1993). El debido proceso de ley garantiza el derecho a una notificación adecuada y la oportunidad de ser escuchado y de defenderse. *U. Ind. Emp. A.E.P. v. A.E.P.*, 146 DPR 611, 616 (1998); *Bco. Popular v. Andino Solís*, 192 DPR 172, 183-184 (2015).

Una notificación adecuada ofrece a las partes interesadas "la oportunidad de advenir en conocimiento real de la decisión tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios disponibles por ley". *Picorelli López v. Dpto. de Hacienda*, 179 DPR 720, 737 (2010).

### -III-

Aunque "la correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema de justicia", nuestro máximo foro expresó que, lo fundamental en cuanto al debido proceso de ley en su vertiente procesal es que, pueda concluirse que la persona afectada fue realmente notificada y no se perjudiquen sustancialmente sus derechos esenciales. *Picorelli López v. Depto. de Hacienda, supra*, pág. 736*; Yumac Home v. Empresas Masso*, 194 DPR 96, 106 (2015); *Olivo Román v. Secretario de Hacienda*, 164 DPR 165, 178 (2005).

Tal como señaló el Tribunal Supremo en *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265, 274 (1987):

> La característica medular de este derecho [debido proceso de ley] es que el procedimiento que siga el Estado sea justo (fair). La garantía esencial de la cláusula de debido proceso es que sea justa. El procedimiento debe ser fundamentalmente justo al individuo en la resolución de los hechos y derechos que sirven de base para aquellas acciones gubernamentales que le privan de su vida, libertad o propiedad. Si bien situaciones diferentes pueden imponer diferentes tipos de procedimientos, siempre está el requisito general de que el proceso gubernamental sea justo e imparcial. [citas omitidas.]

En esa misma línea, el derecho a cuestionar una decisión interlocutoria es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. Véase, *Picorelli López v. Depto. de Hacienda, supra*.

Del expediente surge que, el peticionario pudo defender su interés propietario en un procedimiento justo e imparcial. *Hernández v. Secretario,* 164 DPR 390, 395 (2005). Por lo que, en el contexto del presente caso, la omisión cometida por la parte recurrida puede considerarse como un error "inofensivo" en vista de la ausencia en las actuaciones del foro primario, de cualquier indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani*

*Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

En consecuencia, no consideramos que la *Resolución* recurrida sea contraria a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no encontramos ninguna situación, al amparo de los restantes criterios de la Regla 40, que justifique la expedición del auto.

### -*IV*-

Por los fundamentos previamente expuestos, los que hacemos formar parte de este dictamen, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones