ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MANAGEMENT CONSULTING PROFESSIONAL ALLIED, INC.<br><br>Parte Recurrente<br><br>v.<br><br>OFICINA DE PLANIFICACIÓN Y ORDENACIÓN TERRITORIAL - MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>Parte Recurrida | KLRA202400675 | *Revisión Judicial,* procedente de la Oficina de Planificación y Ordenación Territorial - Municipio Autónomo de San Juan<br><br>Caso Núm.:<br>21POT-00818ZO-MO<br><br>Sobre:<br>Denegatoria a Solicitud Cambio de Calificación |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Compareció ante este Tribunal la parte recurrente, Management Consulting Professional Allied, Inc. (en adelante, "Management Consulting o "Recurrente"), mediante recurso de revisión judicial presentado el 6 de diciembre de 2024. Nos solicitó la revocación de la *Resolución Sustituto (en adelante,* la *"*Resolución*")* emitida por la Oficina de Planificación y Ordenación Territorial del Municipio Autónomo de San Juan (en adelante, "Oficina de Planificación") el 6 de noviembre de 2024, notificada y archivada en autos en igual fecha. Mediante el referido dictamen, la Oficina de Planificación denegó la **"Solicitud de Enmienda al Mapa de Calificación**" interpuesta por la Recurrente.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal[1], y por los fundamentos que expondremos a continuación, se *desestima* el recurso por falta de jurisdicción.

---

[1] 4 LPRA Ap. XXII-B.

Número Identificador:
SEN2024_____

**I.**

El caso de autos se originó el 20 de mayo de 2021, cuando Management Consulting presentó ante la Oficina de Planificación una "**Solicitud de Enmienda al Mapa de Calificación**" identificada con el número 21POT-00818ZO-MO. En específico, peticionó enmendar la Hoja Numero 11-D del Mapa de Calificación de Suelos del Plan Territorial del Municipio Autónomo de San Juan (en adelante, "Mapa de Calificación"), con la intención de recalificar el predio sito en la Calle Carite Bloque A #2 de la Urbanización Crown Hills, en el barrio Monacillos de San Juan. Particularmente, dicha solicitud de recalificación consistió en cambiar la calificación de distrito residencial tres del referido solar a una calificación de distrito comercial liviano.

Más adelante, el 15 de julio de 2021, la Oficina de Planificación publicó en un periódico de circulación general un "Aviso Público" en el que se especificó que se llevarían a cabo vistas públicas, los días 3 y 4 de agosto de 2021, con el propósito de considerar, entre otras cosas, la petición de cambio de calificación de suelo interpuesta por el Recurrente. Ese mismo día, la Oficina de Planificación le notificó sobre ello a Management Consulting y le solicitó que incluyera un rótulo de presentación sobre el terreno de forma paralela a la vía pública. Al día siguiente, 16 de julio de 2021, Management Consulting presentó evidencia de haber colocado el referido rótulo de presentación.

Finalmente, el 4 de agosto de 2021, se celebró la vista pública sobre la solicitud de cambio de calificación presentada por el Recurrente, la cual fue presidida por el Oficial Examinador, el Lcdo. José Manuel Fullana Hernández (en adelante, "Lcdo. Fullana Hernández"), y la Sra. Mirella Rosa, Oficial de la Oficina de Planificación. A esos efectos, el 7 de septiembre de 2021, el Lcdo. Fullana Hernández rindió su "**Informe del Oficial Examinador**", en el cual estableció diecinueve (19) determinaciones de hechos y recomendó favorablemente la recalificación solicitada.

Así las cosas, el 10 de septiembre de 2024, la Oficina de Planificación remitió una determinación a Management Consulting, la cual fue depositada en el correo el 13 de septiembre de 2024, mediante la cual denegó la solicitud de

cambio de calificación del suelo en controversia. En específico, expresó lo siguiente:

> Saludos cordiales. Por la presente le informamos que hemos concluido la evaluación correspondiente a su solicitud de cambio de calificación bajo el caso de referencia para un solar con cabida de 480.00 metros cuadrados que radica en la calle Carite Núm. A-2, Urb. Crown Hills en el barrio Monacillo del término municipal de San Juan, con numero de catastro **114-010-454-38**, según la **Hoja 11-D** de los Mapas de Calificación de Suelo del Municipio Autónomo de San Juan.
>
> El mismo ha sido considerado **no favorable** para el cambio solicitado de un distrito R-3 a un distrito C-L, porque el mismo crearía presión indebida, menoscabo de la infraestructura y establecería un precedente hacia el área residencial en comunidades gravadas por cláusulas restrictivas de servidumbres en equidad; provocando un efecto adverso en la calidad de vida de los residentes y en los distritos donde ubica, los cuales fueron diseñados para uso residencial.
>
> De acuerdo con la reglamentación vigente toda petición de enmienda que haya sido denegada deberá esperar un término de **cinco años** a partir de la fecha de esta notificación para poder radicar una nueva petición en el predio objeto de la solicitud. Cualquier duda o preguntas podrá comunicarse a nuestra Oficina al tel.: (787)480-2250 o mediante correo electrónico con la Sra. Mirella Rosa ([mrosa01@sanjuan.pr](mailto:mrosa01@sanjuan.pr)).[2]

Inconforme con lo anteriormente resuelto, el 15 de octubre de 2024, el Recurrente acudió ante este Tribunal mediante un recurso de revisión judicial bajo el alfanumérico KLRA202400574, en el que alegó que la Oficina de Planificación erró al denegar la "**Solicitud de Enmienda al Mapa de Calificación**" sin formular las advertencias finales de rigor en el cuerpo de su comunicación, en violación de su derecho a un debido proceso de ley, las disposiciones de la Ley Núm. 75 de 24 de junio de 1975, *infra*, y la Ley Núm. 38-2017, *infra*.

Posteriormente, el 30 de octubre de 2024, el Municipio Autónomo de San Juan presentó un "**Escrito en Cumplimiento de Resolución de 16 de octubre de 2024, y en solicitud de desestimación por falta de jurisdicción por razón de academicidad**" mediante el cual sostuvo que la Oficina de Planificación omitió apercibir al Recurrente de su derecho a revisión judicial, el término disponible, el foro al cual recurrir y la fecha del archivo en autos de la determinación impugnada. De igual manera, solicitó la desestimación por academicidad, pues se aprestaría a renotificar su determinación, incluyendo dichos apercibimientos.

---

[2] *Véase*, Apéndice del Recurso de Revisión Judicial, pág. 1 (énfasis en el original).

Así las cosas, el 7 de noviembre de 2024, emitimos *Sentencia* mediante la cual desestimamos el referido recurso de revisión judicial por el mismo haberse tornado académico. Posteriormente, Management Consulting compareció nuevamente ante esta Curia por medio del recurso de epígrafe, en el que señaló los siguientes errores:

Primer Error:

"Erró la OPOTMASJ al denegar la solicitud de enmienda al Mapa de Calificación de Suelos del Plan de Ordenación Territorial del Municipio Autónomo de San Juan, identificada con el número 21POT-00818ZO-MO, sin formular advertencias finales adecuadas a la parte afectada por tal dictamen en violación al derecho a un debido proceso de ley, contemplado en el Articulo ll, Sección 11, de la Constitución del E.L.A de P.R. y en las disposiciones de la Ley Núm. 75-1975, según enmendada, "Ley Orgánica de la Junta de Planificación" y Ley Núm. 38-2017, según enmendada, "Ley de Procedimiento Administrativo del Gobierno de Puerto Rico".

Segundo Error:

"Erró la OPOTMASJ durante el proceso de evaluación, adjudicación y notificación de la solicitud de enmienda al Mapa de Calificación de Suelos del Plan de Ordenación Territorial del Municipio Autónomo de San Juan, identificada con el número 21POT-00818ZO-MO en violación al derecho a un debido proceso de ley, contemplado en el Articulo ll, Sección 11, de la Constitución del E.L.A. de P.R. y en las disposiciones de la Ley Núm. 75-1975, según enmendada, "Ley Orgánica de la Junta de Planificación" y Ley Núm. 38-2017, según enmendada, "Ley de Procedimiento Administrativo del Gobierno de Puerto Rico".

Tercer Error:

"Erró la OPOTMASJ al disponer de la Solicitud de Enmienda al Mapa de Calificación de Suelos del Plan Territorial del Municipio Autónomo de San Juan, identificada con el número 21POT-00818ZO-MO, mediante Resolución Sustituto con fecha de 6 de noviembre de 2024, la cual fue depositada en el correo el 7 de noviembre de 2024, sin tener jurisdicción sobre la misma, por no haber recibido el.mandato de este Honorable Tribunal en el caso KLRA-2024-00574".

Cuarto Error:

"Erró la OPOTMASJ al denegar la solicitud de enmienda al Mapa de Calificación de Suelos del Plan de Ordenación Territorial del Municipio Autónomo de San Juan, identificada con el número 21 POT-00818ZO-MO, utilizando como fundamento meros argumentos, contrarios a: la evidencia presentada y que obra en el expediente y a las Determinaciones de Hechos, Conclusiones de Derecho y Recomendación del oficial examinador."

Quinto Error:

"Erró la OPOTMASJ al denegar la solicitud de enmienda al Mapa de Calificación de Suelos del Plan de Ordenación Territorial del

Municipio Autónomo de San Juan, identificada con el número 21POT-00818ZO-MO, pues dicha decisión causa que se mantenga una propiedad con una calificación / zonificación aislada o "spot zoning", a la inversa."

**II.**

**A.**

El término jurisdicción ha sido definido como el poder y autoridad que poseen los tribunales y las agencias administrativas para considerar y decidir sobre las controversias ante su consideración. Cobra Acquisitions v. Municipio de Yabucoa et al., 210 DPR 384, 394 (2022). Para adjudicar un caso, el tribunal o la agencia debe tener jurisdicción tanto sobre la materia en cuestión como sobre las partes en disputa. Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021). Por ello, nuestro Tribunal Supremo ha sostenido reiteradamente que los tribunales y las agencias administrativas debemos ser celosos guardianes de nuestra jurisdicción y que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. Torres Alvarado v. Madera Atiles, 202 DPR 495, 500 (2019).

La ausencia de jurisdicción conlleva las siguientes consecuencias inexorablemente fatales: (1) la falta de jurisdicción no es susceptible de ser subsanada, (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal o a una agencia, ni estos pueden abrogársela, (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos, (4) los tribunales y las agencias tienen el ineludible deber de auscultar su propia jurisdicción, (5) los tribunales apelativos, además, deberán examinar la jurisdicción del foro de donde procede el recurso y (6) el planteamiento de falta de jurisdicción sobre la materia puede presentarse en cualquier etapa del procedimiento. Allied Mgmt. Group. v. Oriental Bank, 204 DPR 374, 386 (2020). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 102 (2020).

**B.**

La Ley Núm. 75 de 24 de junio de 1975, según enmendada, conocida como "Ley Orgánica de la Junta de Planificación de Puerto Rico", 32 LPRA sec. 62 *et seq.* (en adelante, "Ley Núm. 75"), creó la Junta de Planificación, con el fin ulterior de proteger los intereses y el bienestar de la ciudadanía en general en el descargo de la política pública de planificación y zonificación. Dicho cuerpo estatuario le confiere a dicha entidad gubernamental la facultad de adoptar y aprobar distintos reglamentos, incluyendo el reglamento de zonificación, reglamento de lotificación, mapas de zonificación y las enmiendas a éstos. 23 LPRA sec. 62j. De conformidad con dicha potestad, el Artículo 16 de la precitada ley dispone que la Junta de Planificación debe adoptar reglamentos que fijen el uso y desarrollo por zonas o distritos de los terrenos y edificios públicos y privados. 23 LPRA sec. 62o.

La zonificación es una de las herramientas conferidas por el legislador a la Junta para llevar a cabo sus "funciones dentro de una sociedad y un gobierno cada vez más complejos, un sistema abierto que confronta innumerables presiones como resultado de necesidades y aspiraciones conflictivas y que experimenta unos cambios sociales acelerados dentro de su escala reducida, escasez de terreno y recursos naturales, alta densidad poblacional y un ecosistema frágil". Ortiz, Gómez *et al.* v. J. Plan., 152 DPR 8, 16 (2000). En cuanto al proceso de planificación local de los municipios, el Artículo 24 del mencionado establece de manera explícita que la Junta de Planificación tiene la facultad de delegar la adopción de enmiendas a los mapas de zonificación a los ayuntamientos. 23 LPRA sec. 62w.

Particularmente, sobre los mapas de zonificación y sus enmiendas, el Tribunal Supremo ha establecido que:

> [R]epresentan la forma visual y práctica de instrumentar los reglamentos de zonificación y sus enmiendas. Su aprobación y enmiendas **no son actos de naturaleza adjudicativa, dirigidos a resolver una controversia en particular entre una o más personas, sino que son actos producto de los instrumentos con los cuales el Estado ha provisto a la Junta para <u>reglamentar el uso de la tierra en Puerto Rico</u>**, de manera que se logre un desarrollo integral y balanceado de nuestra sociedad. <u>Luan Investment Corp. v. Román</u>, 125 DPR 533, 547 (1990) (énfasis suplido).

Nótese, pues, que en este procedimiento no se adjudica una controversia, sino que se adopta una reglamentación. Es menester aclarar que este proceso de

adoptar y enmendar mapas de zonificación se rige por las disposiciones de la referida Ley Núm. 75, *supra*, en la medida en que no estén en conflicto con la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", 3 LPRA sec. 9601 *et seq (*en adelante, la "Ley Núm. 38-2017"). Íd. En suma, "[l]a adopción de reglas de zonificación, ya sea por una legislatura estatal o por las autoridades legislativas de un municipio [o, como en Puerto Rico, por la agencia administrativa], constituye un ejercicio del poder legislativo". Íd., pág. 545 (citando a Anderson, American Law of Zoning, 3d Sec. 2.01 (1986)).

En línea con lo anterior, el Artículo 27 de la Ley Núm. 75, *supra*, provee para la celebración de vista públicas durante la adopción y enmienda de los reglamentos y mapas de zonificación. Atinente a lo anterior, el Artículo 28 de la ley dispone que:

> Todos los reglamentos y las enmiendas a los mismos adoptados por la Junta y aprobados por el Gobernador salvo los reglamentos de emergencia o enmiendas a los reglamentos vigentes en casos de emergencia, autorizados por el Artículo 11, inciso (6) de esta ley (23 L.P.R.A. § 62j), regirán a los quince (15) días de su aprobación. Los reglamentos así aprobados se radicarán a la mayor brevedad en la Secretaría de Estado y en lugar de su publicación total, la Junta podrá dar aviso al público de que los reglamentos y las enmiendas a los mismos han sido aprobados publicando, para conocimiento de las personas interesadas, en uno o más periódicos de circulación general en Puerto Rico, una descripción en forma general de las disposiciones que mayormente interesen o afecten al público; Disponiéndose, que los Mapas de Zonificación que la Junta apruebe y adopte, formarán parte integral y regirán conjuntamente con el Reglamento de Zonificación, ya adoptado por la Junta; Disponiéndose, además, que los Mapas de Zonificación que adopte la Junta regirán después de firmados por el Gobernador a los quince (15) días, a contar de la fecha en que se inicie su exposición al público, en las Casas Alcaldías de los municipios afectados; Disponiéndose, además, que la Junta dará a conocer públicamente la adopción de los Mapas de Zonificación, la exposición de los mismos en las Casas Alcaldías correspondientes, y la existencia de los mismos en la Secretaría de la Junta, mediante la publicación de un anuncio por tres (3) días consecutivos en un periódico de circulación general en Puerto Rico.
> Las enmiendas que posteriormente apruebe la Junta a los Mapas de Zonificación, adoptados y firmados por el Gobernador, no introducirán cambios fundamentales al mapa vigente excepto con el propósito de instrumentar las recomendaciones del Plan de Uso de Terrenos y del Plan de Desarrollo Integral de Puerto Rico hasta donde éstos hayan sido aprobados. Estas enmiendas aprobadas por la Junta también serán llevadas al conocimiento del público mediante el procedimiento dispuesto en este Artículo para los Mapas de Zonificación; Disponiéndose, sin embargo, que en estos casos la publicación del anuncio en la prensa se hará una sola vez en un periódico de circulación general en Puerto Rico.

Una vez aprobada una enmienda a un Mapa de Zonificación por la Junta, no será necesaria la aprobación y firma del Gobernador de dicha enmienda y la misma entrará en vigor a los quince (15) días de publicación en un periódico de circulación general en Puerto Rico. 23 LPRA sec. 63.

Ahora bien, el Artículo 32 (b) de la Ley Núm. 75, *supra*, dispone que las decisiones, acciones o resoluciones de la Junta de Planificación en el ejercicio de sus funciones cuasi legislativas, como la adopción, modificación o promulgación de reglamentos y mapas de zonificación, tendrán carácter definitivo. 32 LPRA sec. 63d**. No obstante, si la Junta incumple con los requisitos legales para llevar a cabo estos procesos, se podrá presentar una impugnación ante el Tribunal Superior, Sala de San Juan, dentro de un plazo de treinta (30) días naturales a partir de su publicación**. Íd.

## C.

La notificación adecuada de las decisiones administrativas es parte del principio constitucional de que todo ciudadano ostenta un derecho a un debido proceso de ley. Colón Torres v. A.A.A., 143 DPR 119, 124 (1997). La notificación sirve un propósito lógico y sabio en la administración de la justicia, al proteger el derecho de la parte afectada a procurar la revisión judicial de un dictamen adverso. Mun. San Juan v. Plaza Las Américas, 169 DPR 310, 329 (2006); Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, 889 (1993).

De igual manera, la notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. Asoc. Vec. Altamesa Este v. Municipio de San Juan, 140 DPR 24, 34 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de una parte. Íd. Asimismo, la notificación adecuada supone la advertencia de lo siguiente: (1) derecho a solicitar reconsideración de la decisión tomada; (2) derecho a solicitar revisión judicial o juicio de *novo*, según sea el caso; y (3) los términos correspondientes para ejercitar dichos derechos. **El incumplimiento con alguno de estos requisitos resulta en una notificación defectuosa**. Maldonado v. Junta Planificación, 171 DPR 46, 57-58 (2007).

El deber de notificar a las partes una determinación administrativa de manera adecuada y completa no constituye un mero requisito. Olivo v. Srio. de Hacienda, 164 DPR 165, 178 (2005). Una notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia, además de que puede demorar innecesariamente los procedimientos administrativos y, posteriormente, los judiciales. Íd. A la luz de lo anterior, se ha resuelto que, si una parte no es notificada de la determinación conforme a derecho, **no se le pueden oponer los términos jurisdiccionales para recurrir de la misma**. Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008).

En fin, la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* para un ordenado sistema judicial. De lo contrario, se crearía una incertidumbre sobre cuándo comienzan los términos para incoar los remedios *post-dictamen*, entre otras graves consecuencias y demoras. Dávila Pollock *et al* v. R. F. Mortgage, 182 DPR 86, 94 (2011).

**III.**

En el presente caso, aunque la Recurrente le imputó a la Oficina de Planificación la comisión de varios errores, la controversia medular a resolver se reduce a determinar si la notificación de la *Resolución* impugnada en el recurso de autos fue adecuada y, por consiguiente, conforme a derecho.

De conformidad con el tracto procesal reseñado, se recurre de la *Resolución* emitida por la Oficina de Planificación en respuesta a una "**Solicitud de Enmienda al Mapa de Calificación**", en la cual, denegó el cambio de calificación de la propiedad objeto de esta controversia de distrito residencial tres a distrito comercial liviano. Del expediente del caso ante nuestra consideración, se desprende que ni la carta emitida por la Oficina de Planificación el 10 de septiembre de 2024 ni la *Resolución* recurrida incluyeron una notificación adecuada del derecho a solicitar revisión judicial, conforme lo requiere nuestro ordenamiento jurídico. En detalle, la Oficina de Planificación expresó lo siguiente respecto a los términos de revisión:

> Las actuaciones, decisiones o resoluciones de la Junta de Planificación en el ejercicio de sus funciones cuasi legislativas, tales como la adopción y promulgación de reglamentos y mapas de

zonificación, o las enmiendas a los mismos, serán finales, disponiéndose, que en los casos en que la Junta no cumpla con los requisitos estatutarios para la adopción y promulgación, o enmiendas a dichos reglamentos y mapas, **podrá recurrirse ante el Tribunal de Apelaciones, a impugnar el procedimiento seguido, contados a partir de un término de treinta (30) días contados desde que entra en vigor la enmienda, cónsono con la Ley Número 75 antes citada, y la Ley 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme, según enmendada**. Una vez autorizada una enmienda a un Mapa de Zonificación por la Junta, la misma entrará en vigor a los quince (15) días de publicarse un edicto sobre la adopción de enmiendas a los Mapas de Zonificación en un periódico de circulación general en Puerto Rico. (énfasis suplido).

Disponiéndose además que podrá radicarse una nueva petición para dicho solar cuando se trate de una solicitud que cumpla con lo estadio en la reglamentación vigente. Específicamente, deberá cumplir con el requisito de no radicar una nueva petición dentro de un término de cinco años, en el cual se incluya esta propiedad, según dispuesto en el Reglamento de Ordenación Territorial del Municipio de San Juan, sección 7.00, subsección 7.02, vigente.[3]

Nótese pues, que la Oficina de Planificación no le notificó de manera adecuada a Management Consulting sobre su derecho a solicitar revisión judicial. **Lo anterior se debe a que el Artículo 32(b) de la Ley Núm. 75*, supra*, dispone expresamente que las resoluciones de la Junta de Planificación son finales y que, en los casos en que la Junta no cumpla con los requisitos para promulgar o enmendar los mapas de zonificación, la parte afectada por una determinación adversa debe recurrir ante el Tribunal Superior, Sala de San Juan, para impugnar dicho procedimiento dentro del término de treinta (30) días naturales, contados a partir de la publicación de éstos.** 23 LPRA sec. 63d. Es decir, al ejercer sus facultades cuasi legislativas –según delegadas por la Junta de Planificación en lo correspondiente a la zonificación del ayuntamiento– la Oficina de Planificación no le informó a la Recurrente que debía presentar su solicitud de revisión judicial ante el Tribunal de Primera Instancia, en lugar del Tribunal de Apelaciones, lo que convierte dicha notificación en una defectuosa.

Es importante aclarar que, a pesar de que la Sección 2.7 de la Ley Núm. 38-2017, *supra*, regula la impugnación de reglas y reglamentos promulgados por las agencias administrativas y establece un término de treinta (30) días para que las partes afectadas por una decisión adversa recurran ante este Tribunal, dicha Sección no es aplicable al caso de autos, ya que la referida ley manifiestamente

---

[3] *Véase*, Apéndice del Recurso de Revisión Judicial, pág. 338.

establece que sus disposiciones son aplicables únicamente a las agencias administrativas y excluye a los gobiernos municipales, sus entidades o corporaciones de su aplicación.  3 LPRA secs. 9603 y 9617. Abónese a lo anterior, que el Artículo 1.050 de la Ley Núm. 107-2020, según enmendada, conocida como el "Código Municipal de Puerto Rico" (en adelante, la "Ley Núm. 107"), reafirma lo anterior al establecer que el Tribunal de Primera Instancia es el foro con jurisdicción para revisar cualquier **acto legislativo o administrativo de cualquier organismo municipal que lesione los derechos constitucionales de cualquier persona o entidad o que sea contrario a las leyes de Puerto Rico**. 21 LPRA sec. 7081. Por último, reconocemos la existencia de una discrepancia entre la Ley Núm. 75, *supra*, y la Ley Núm. 107, *supra*, respecto a los términos para instar la acción de revisión judicial ante el Tribunal de Primera Instancia. Sin embargo, al interpretar disposiciones legales, una ley que regula específicamente la materia prevalece sobre una ley de carácter general. Com. Electoral PPD v. Com. Electoral PNP, 205 DPR 559, 566 (2020). En consecuencia, y a tono con lo resuelto por el Tribunal Supremo en Montoto v. Lorie, 145, DPR 30 (1995), concluimos que cualquier persona adversamente afectada por una determinación sobre un proceso de adopción o enmienda de un mapa de zonificación por parte de un municipio en Puerto Rico, cuenta con el término de treinta (30) días para recurrir ante el Tribunal de Primera Instancia, según dispuesto en la pieza legislativa especial que regula dicho proceso, a saber, la Ley Núm. 75, *supra*.

En vista de lo anterior, determinamos que carecemos de la autoridad para entender en los méritos el recurso de epígrafe, debido a que la notificación sobre el derecho a revisión judicial detallada en la *Resolución* recurrida es defectuosa y, por tanto, torna en el presente recurso en uno prematuro. Esto pues, el foro con jurisdicción para revisar la presente controversia en revisión judicial lo es el Tribunal de Primera Instancia. Ello implica que el recurso presentado ante nos adolece del grave e insubsanable defecto de falta de jurisdicción. Por tanto, ante la falta de autoridad en ley para considerar los méritos del mismo, lo que procede es su desestimación.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de revisión judicial que nos ocupa por falta de jurisdicción, al haberse presentado prematuramente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones