ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| RAMIRO CARRIÓN TORRES<br><br>Recurrente<br><br>v.<br><br>SISTEMA DE RETIRO UPR JUNTA DE RETIRO<br><br>Recurrido | KLRA202500050 | *REVISIÓN ADMINISTRATIVA* procedente del Sistema de Retiro de la UPR<br><br>Caso Núm.: 1255369<br><br><br>Sobre: Revisión de Cómputo de Pensión Adjudicada |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 24 de marzo de 2025.

Ramiro Carrión Torres nos solicita que revoquemos una *Resolución* que emitió la Junta de Retiro del Sistema de Retiro de la Universidad de Puerto Rico el 12 de diciembre de 2024, notificada el 24 de diciembre de 2024.  Por medio de la aludida *Resolución*, la Junta de Retiro declaró *No Ha Lugar* la apelación que presentó Carrión Torres.  Con ello, reiteró la determinación del Sistema de Retiro de acreditarle 29.50 años de servicio para el cómputo de su pensión por retiro.

Por los fundamentos que exponemos, se *desestima* el recurso de revisión, por falta de jurisdicción por prematuro.

### I.

Ramiro Carrión Torres (Carrión Torres) laboraba en la Universidad de Puerto Rico, Recinto de Río Piedras.  A finales de septiembre de 2023 cesó sus funciones como empleado de la UPR por acogerse al retiro.  Cuatro (4) meses después, el 29 de enero

de 2024[1], el Sr. Ricardo E. Curet Agrón, Director Ejecutivo Interino del Sistema de Retiro, le informó a Carrión Torres que, a partir del 1ro de octubre de 2023, estaría recibiendo de pensión la suma de $20,133.72 anuales, a razón de $1,667.81 mensuales. Le indicó que esa cantidad se estableció al considerar varios factores, entre ellos, los años de servicio acreditados, que en ese momento eran 29.50, la edad de cincuenta y ocho (58) años y el sueldo promedio devengado según el tope salarial. El 2 de febrero de 2024, Carrión Torres recibió la referida comunicación.

Por no estar de acuerdo, el 1ro de marzo de 2024, Carrión Torres suscribió un escrito de Apelación al que incorporó sus respectivos anejos.[2] En síntesis, alegó que el 18 de abril de 2023, la Junta de Retiro le citó a la orientación sobre el proceso de jubilación. Sostuvo que allí se le informó que podía retirarse, no tan sólo a la fecha anunciada del 30 de septiembre de 2023, sino desde el 30 de junio de ese mismo año, por haber completado los treinta (30) años de servicio. Adujo que el Sistema de Retiro tuvo un poco más de cinco (5) meses, previo a la renuncia, para verificar, aclarar y confirmar cualquier posible situación que pudiera afectar los términos y condiciones ya informados. Adujo que, si se le hubiese informado que se había hecho un mal cómputo, este hubiera cambiado la renuncia a una fecha posterior, para cotizar el tiempo que alegadamente faltara. Por ello, alegó que la Junta de Retiro incurrió en negligencia crasa en el desempeño de sus funciones, al brindarle la información

---

[1] Puesta en el correo el 31 de enero de 2024, según Apéndice de la UPR, págs. 190-191.
[2] Apéndice del recurrente, págs. 3-10.

incorrecta el 18 de abril de 2023 y al no percatarse del alegado error durante los cinco (5) meses que estuvo trabajando su caso.

El 12 de diciembre de 2024, archivada en autos el 17 de diciembre de 2024, la Junta de Retiro emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la Apelación.    En el documento expresaron lo siguiente, "Certifico que, en el día de hoy, envié **por correo** copia de esta notificación a las siguientes personas, a sus direcciones indicadas, habiendo en esta misma fecha archivado en autos copia de esta notificación".[3]

Insatisfecho con la determinación, el 21 de enero de 2025, Carrión Torres, interpuso el presente recurso de Revisión Administrativa, en el que alegó que:

> Erró el Sistema de Retiro de la Universidad de Puerto Rico por voz de la Junta de Retiro al Determinar que la Resolución dictada está fundamentada en las disposiciones legales vigentes sin trazos de arbitrariedad, ilegalidad o irrazonabilidad.

Examinado el recurso, le ordenamos a la recurrida que presentara su posición y así lo hizo el 10 de marzo de 2025.  En su Alegato en Oposición, el Sistema de Retiro de la UPR y la Junta de Retiro de la UPR alegaron que este Tribunal de Apelaciones carecía de jurisdicción debido a la radicación tardía de la Revisión Administrativa.  Explicaron que la Resolución, cuya revisión se solicita, fue archivada en autos el **17 de diciembre de 2024**, por lo que el término para la presentación de la Revisión Administrativa venció el **17 de enero de 2025**.

---

[3] Apéndice, pág. 13.

Cuestionada nuestra jurisdicción, el 13 de marzo de 2025, emitimos la siguiente Resolución para ambas partes:

Atendida la "Moción en Solicitud de Autorización", se le concede al Sistema de Retiro de la Universidad de Puerto Rico, aquí recurrido, hasta el **18 de marzo de 2025**, para que certifique el método que usó para notificarle el Apéndice que acá sometió en "Flash Drive" al señor Ramiro Carrión Torres y la fecha que notificó el mismo.

**Además, en el mismo término, para auscultar nuestra jurisdicción es necesario que, el Sistema de Retiro evidencie el método usado para notificar la Resolución recurrida.**

Además, el recurrente, Sr. Ramiro Carrión Torres, en el mismo término de cinco (5) días o 18 de marzo, **deberá presentar evidencia ante este foro, que demuestre que la Resolución recurrida le fue notificada el 24 de diciembre de 2024, según adujo en su alegato**. (Énfasis añadido).

El 14 de marzo de 2025 la Junta de Retiro de la UPR presentó una *Moción en cumplimiento de resolución,* al igual que lo hizo Carrión Torres el 17 de marzo de 2025.

Con el beneficio de las comparecencias, disponemos.

**II.**

**A.**

El Art. II, Sec. 7, de la Constitución de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. LPRA, Tomo 1. Este derecho está protegido de igual forma por la Quinta y Decimocuarta Enmiendas de la Constitución de Estados Unidos. LPRA, Tomo 1. A la Orden Shopping, S.E. v. A.E.E., 213 DPR 546, 555-556 (2024); PVH Motor v. ASG, 209 DPR 122, 130-131 (2022). Estas garantías constitucionales se extienden al ámbito administrativo. PVH Motor v. ASG, *supra*; Aut. Puertos v. HEO, 186 DPR 417, 428 (2012).

En ese sentido, se exige que, como mínimo, en todo proceso adjudicativo se observen las salvaguardas siguientes: (1) notificación adecuada del proceso; (2) un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el expediente. PVH Motor v. ASG, *supra*, pág. 131; Vázquez González v. Mun. San Juan, 178 DPR 636, 643 (2010).

El deber de notificar a las partes una decisión administrativa de forma adecuada y completa no constituye un mero requisito, sino que va más allá debido a que una notificación insuficiente puede incluso provocar consecuencias adversas a la sana administración de la justicia. Picorelli López v. Depto. de Hacienda, 179 DPR 720, 737 (2010); Olivo v. Srio. de Hacienda, 164 DPR 165, 178 (2005). Específicamente, en el contexto del derecho administrativo la notificación es requisito indispensable para la validez del procedimiento administrativo de carácter adjudicativo en sus distintas etapas, por lo que el requisito de ser oído implica el de haber sido notificado. Mun. San Juan v. Plaza las Américas, 169 DPR 310, 329 (2006). Así, pues, se obtiene un balance justo entre los derechos de todas las partes y se logra un ordenado sistema de revisión judicial. Picorelli López v. Depto. de Hacienda, *supra*, pág. 737.

Cuando ello no ocurre, el Tribunal Supremo ha sentenciado que una notificación defectuosa de una determinación tomada por las agencias administrativas **priva de jurisdicción** al foro revisor para entender el asunto en disputa, lo que **impide que comience**

**a transcurrir el término para recurrir** de cualquier determinación administrativa y, consecuentemente, **violenta el derecho al debido proceso de ley de la parte afectada**. St. James Sec. v. AEE, 213 DPR 366, 380 (2023); PVH Motor v. ASG, *supra*. (Énfasis nuestro).

En suma, el requisito de notificación es parte del debido proceso de ley. Por ello, un ordenado sistema judicial requiere que la notificación de las órdenes, resoluciones y sentencias sea de forma adecuada. Berríos Fernández v. Vázquez Botet, 196 DPR 245, 250 (2016). Ello es así pues la falta de una notificación adecuada y a tiempo de cualquier resolución, orden o sentencia, podría afectar el derecho de una parte a cuestionar la resolución, orden o sentencia dictada, **enervando así las garantías del debido proceso de ley**. Caro v. Cardona, 158 DPR 592, 599 (2003); Falcón Padilla v Maldonado Quirós, 138 DPR 983, 990 (1995). (Énfasis nuestro). En protección de este derecho, el Tribunal Supremo explicó que "no se le pueden oponer los términos jurisdiccionales para recurrir de una determinación administrativa a una parte que no ha sido notificada de dicha determinación conforme a derecho". Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008).

### B.

Mediante la Certificación Núm. 43 (2023-2024), emitida el 26 de abril de 2024, el Sistema de Retiro de la UPR, adoptó el Reglamento de Apelaciones del Sistema de Retiro de la UPR. Este Reglamento incluye como Anejo A, el documento de

Procedimiento de Apelaciones Sistema de Retiro, Certificación Número 33 (2022-2023) de 10 de marzo de 2023.

El propósito del Reglamento es:

[E]stablecer las normas que regulan los procedimientos apelativos administrativos para adjudicar una apelación que interpongan los participantes ante el Sistema de Retiro de la Universidad de Puerto Rico. Establece las normas que regularán los procedimientos, permitirán una solución informal a los asuntos sometidos y asegurarán la tramitación justa de todo procedimiento sin menoscabar los derechos de las partes.

Reglamento de Apelaciones, Sección 1.03.

Para los procedimientos apelativos, el Artículo 3 dispone que, "[s]e acoge y se hace formar parte de este reglamento el Procedimiento de Apelaciones aprobado por la Junta de Retiro mediante la Certificación Número 33 (2022-2023) con fecha 10 de marzo de 2023.[4]

La aludida Certificación Núm. 33 es el Procedimiento de Apelaciones Sistema de Retiro, el cual dispone en los Artículos 9, 10 y 12, aquí pertinentes, como sigue:

Artículo 9 – Sometido el caso ante la Junta Retiro UPR en pleno, ésta lo resolverá confirmando, modificando o revocando la decisión del(la) Director(a) Ejecutivo(a), para lo cual podrá adoptar, en todo o en parte, la recomendación del comité de apelaciones. **La notificación se hará por correo certificado con acuse de recibo y por correo electrónico**.

Artículo 10 – Todo participante que no esté conforme con la Resolución emitida por la Junta podrá recurrir directamente ante el Tribunal de Apelaciones dentro del término de **treinta (30) días contados desde la notificación de la determinación de la Junta de Retiro UPR**.[5] (Énfasis nuestro).

Artículo 12- Este procedimiento **prevalece** ante cualquier otra reglamentación o procedimiento incompatible con lo aquí dispuesto.

---

[4] Apéndice de la UPR, pág. 222.
[5] Apéndice de la UPR, pág. 224.

Es un principio reiterado de Derecho Administrativo que cuando una agencia administrativa promulga un reglamento, este tiene fuerza de ley por ser de carácter vinculante y determinante en cuanto a los derechos, deberes y obligaciones de las personas sujetas a la jurisdicción de la agencia. Ayala Hernández v. Consejo Titulares, 190 DPR 547, 568 (2014); López Leyro v. E.L.A., 173 DPR 15, 24-25 (2008); Torres Arzola v. Policía de P.R., 117 DPR 204, 211 (1986). Además, se ha expresado que después de que una agencia define los contornos de su acción mediante un reglamento, tiene la responsabilidad de aplicarlo celosamente. Íd. No queda al arbitrio de la agencia administrativa reconocer o no los derechos contenidos en los reglamentos que administran. Torres v. Junta Ingenieros, 161 DPR 696, 712 (2004).

### III.

El 21 de enero de 2025 el recurrente Carrión Torres presentó un recurso de Revisión Administrativa por estar en desacuerdo con la Resolución que emitió el Presidente de la Junta de Retiro, el 12 de diciembre de 2024, archivada en autos el 17 de diciembre de 2025. En el recurso alegó que referida resolución le fue notificada el 24 de diciembre de 2024.

En su oposición al recurso, la Junta de Retiro alegó que el recurrente incumplió con el término jurisdiccional de treinta (30) días para presentar el recurso, por lo que, solicitó la desestimación. Fundamentó su petitorio en que la Junta de Retiro emitió la Resolución, archivada en autos el 17 de diciembre de

2024, y el 21 de enero de 2025, fue que Carrión Torres, presentó de forma tardía el escrito de Revisión Administrativa.

Cuestionada nuestra jurisdicción, el pasado 13 de marzo de 2025, emitimos una **Resolución** para ambas partes, en la cual le concedimos al Sistema de Retiro de la UPR hasta el **18 de marzo de 2025**, para que certifique el método que usó para notificarle el Apéndice que acá sometió en "Flash Drive" al señor Ramiro Carrión Torres y la fecha que notificó el mismo. Además, en el mismo término y para auscultar nuestra jurisdicción, le requerimos al Sistema de Retiro que "**evidencie el método usado para notificar la Resolución recurrida**."

En respuesta a nuestra Resolución, el 14 de marzo de 2025, la Junta de Retiro de la UPR, presentó una *Moción en Cumplimiento con Resolución*. En la moción aludieron a nuestra Resolución del 13 de marzo de 2025 y expresaron en el párrafo 1 que, se les ordenó "someter evidencia y certificación del envío del expediente administrativo al recurrente"[6] En el párrafo 2 de la moción indicaron que, "sometemos ante el tribunal, como anejo, copia del correo electrónico donde se envió el expediente administrativo y certificamos el envío".[7] Al escrito le acompañaron los correos electrónicos del jueves, 6 de marzo de 2025, en los que acreditan que le enviaron el apéndice de la oposición del recurso al señor Carrión Torres.

Ahora bien, la Junta de Retiro de la UPR, nada indicó sobre la pregunta de cómo le había notificado su Resolución a Carrión

---

[6] Moción en Cumplimiento con Resolución, párrafo 1.
[7] Íd, párrafo 2.

Torres, según lo ordenamos en nuestra Resolución del 13 de marzo de 2025.   Esto es, no mencionaron el método que utilizaron para notificar la Resolución recurrida ni evidenciaron lo anterior, tal como lo ordenamos.

Por otro lado, en esa misma Resolución del 13 de marzo de 2025, le concedimos igual término a Carrión Torres para que presentara evidencia del sobre en el que recibió la Resolución recurrida que, según adujo, le fue notificada el 24 de diciembre de 2024.

Mediante *Moción en Cumplimiento de Resolución* presentada el 17 de marzo de 2025, Carrión Torres cumplió con la referida orden.   De esta se desprende que la Resolución fue enviada por correo certificado el 18 de diciembre de 2024.   El recurrente alegó afirmativamente que la fecha del 24 de diciembre de 2024 habrá de surgir del acuse de recibo que está en poder de la parte recurrida.   Señaló que presentó el recurso de forma oportuna, lo cual provee a este foro intermedio plena jurisdicción para atenderlo.

Al evaluar los escritos y el expediente, procede desestimar la acción.   Explicamos.

Según reseñado en la sección del derecho aplicable, el Reglamento de Apelaciones del Sistema de Retiro de la UPR con el Anejo A, establece las normas que regulan los procedimientos apelativos administrativos para adjudicar una apelación que interpongan los participantes ante el Sistema de Retiro de la Universidad de Puerto Rico.   El Reglamento promueve asegurar la

tramitación justa de todo procedimiento sin menoscabar los derechos de las partes.

En cuanto a la notificación de las resoluciones, el Procedimiento de Apelaciones Sistema de Retiro, establece en el Artículo 9 que estas se harán **"por correo certificado con acuse de recibo y por correo electrónico**."[8] Es decir, el procedimiento exige **ambas vías** de comunicación.

Añade el Artículo 10, que "Todo participante que no esté conforme con la Resolución emitida por la Junta podrá recurrir directamente ante el Tribunal de Apelaciones dentro del término de treinta (30) días contados desde la **notificación** de la determinación de la Junta de Retiro UPR."[9]

Revisamos la Resolución de la cual se recurre y en esta, la Junta expresó que fue notificada **por correo**, pero en ningún lugar expresó, ni certificó, que la envió por correo electrónico, según lo estatuye el Artículo 9 del Procedimiento de Apelaciones, *supra*.

Realizamos un exhaustivo análisis de los documentos que la Junta de Retiro incluyó en el apéndice mediante "flash drive" y tampoco surge la **constancia** de la notificación de la Resolución al recurrente.

El 13 de marzo de 2025, le brindamos la oportunidad a la Junta de Retiro para que evidenciara el método usado para notificar la Resolución recurrida y esta no suplió la información.

---

[8] Apéndice de la UPR, pág. 223.
[9] Apéndice de la UPR, pág. 224.

Esto nos lleva a concluir, que la Junta de Retiro no cumplió adecuadamente con el requisito de notificación de la Resolución. Esto provocó que la notificación emitida no se pueda considerar como una adecuada, válida y efectiva. Lo anterior incidió sobre la facultad que ostentamos para ejercer nuestra función revisora cabalmente y sobre el término que posee la parte recurrente para presentar un recurso de revisión judicial.

Debido a la inobservancia de la Junta de Retiro de los postulados que gobiernan sus oficios, nos vemos precisados a desestimar el recurso de epígrafe por falta de jurisdicción. De esta forma, también se salvaguarda el debido proceso de ley que le asiste al recurrente.

Devolvemos el caso a la Junta de Retiro de la UPR para que notifique el dictamen según los requerimientos instituidos por el ordenamiento jurídico que le rige. Solo así comenzará a transcurrir el término para que la parte recurrente inste su recurso y, consecuentemente, podamos revisar y resolver en los méritos de la causa.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de referencia por falta de jurisdicción, por haber sido presentado prematuramente. Véase, Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83(C).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones