<table>
<tr><td colspan="3" style="text-align:center">3Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V</td></tr>
<tr>
<td>UNIQUE SECURITY CORPORATION<br><br>**Recurrente**<br><br>Vs.<br><br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE AIBONITO<br><br>**Recurrida**</td>
<td>TA2025RA00010</td>
<td>Revisión Judicial Procedente de la Junta de Subastas del Municipio Autónomo de Aibonito<br><br>Subasta General 2025-2026 Renglón #25 Servicios Profesionales de Seguridad<br><br>Sobre: Revisión Administrativa e impugnación de Subasta</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.


**Hernández Sánchez, Juez Ponente**


**SENTENCIA**


En San Juan, Puerto Rico, a 30 de junio de 2025.

El 20 de junio de 2025, Unique Security Corp. (Unique o el recurrente) compareció ante nos mediante un *Recurso de Revisión Judicial* y solicitó la revisión de una adjudicación de subasta que se emitió y notificó el 10 de junio de 2025, por la Junta de Subasta del Municipio de Aibonito (la Junta o la recurrida). Mediante el aludido dictamen, la Junta le adjudicó la subasta a Sheriff Security Services (Sheriff) debido a la excelente experiencia con los servicios prestados durante los pasados cinco (5) años, la eficiencia en la prestación de servicios y la excelente supervisión del puesto. Sostuvo que ello beneficiaba los mejores intereses del Municipio de Aibonito.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por prematuro.

I.

La Junta publicó el Aviso de Subasta General 01-2025-2026, dividido por renglones, concediendo a las entidades interesadas hasta el 9 de abril de 2025 para someter sus respectivas propuestas.[1] Entre los 27 renglones incluidos en la subasta, se encontraba el renglón núm. 25, correspondiente a servicios profesionales de seguridad. En cumplimiento con dicho aviso, el 9 de abril de 2025 la compañía recurrente presentó su propuesta para competir por el referido renglón núm. 25.

El 6 de junio de 2025, los miembros de la Junta se reunieron con el propósito de evaluar y adjudicar siete (7) de los renglones incluidos en la subasta, entre ellos el renglón núm. 25.[2] De la minuta de esta reunión se desprende que la Junta solicitó al director del Departamento de Obras Públicas un análisis sobre las necesidades de seguridad del departamento, así como una evaluación de las propuestas presentadas por los licitadores. En atención a esta solicitud, el Ing. Carlos Hernández certificó, el 13 de mayo de 2025, su experiencia positiva con la empresa Sheriff, resaltando su eficiencia en la prestación de servicios durante los pasados cinco (5) años, el desempeño destacado de su personal, la supervisión efectiva, la organización en los procesos de facturación y la ausencia de quejas. Asimismo, se presentó un desglose de los precios por hora incluidos en las propuestas sometidas por las compañías licitadoras.

---

[1] Véase, pág. 1 del apéndice del recurso.
[2] Íd., págs. 13-16.

Luego del proceso de evaluación, el 10 de junio de 2025 la Junta notificó mediante comunicación escrita a Unique que el renglón núm. 25 de la Subasta General 01-2025-2026 había sido adjudicado a la empresa Sheriff Security Services, Inc. En dicha comunicación se indicó que se recibieron propuestas de las siguientes compañías: (1) Sheriff; (2) Unique; (3) West Security Services, Inc.; y (4) Surveillance Net Force. Se incluyó, además, el siguiente desglose de los precios por hora propuestos por cada una:

| Num. Partida | Descripción | Labor | Sheriff Security | West Security | Unique Security | St. James Security | Surveillance Net Force |
|---|---|---|---|---|---|---|---|
| 1 | Vigilancia al área de Obras Públicas las 24 horas del día los 7 días de la semana-Guardia Desarmado | Por hora | $14.85 | $14.60 | $13.50 | No Bid | $14.24 |
| 2 | Vigilancia en cualquier otra facilidad municipal Guardia Desarmado | Por hora | $14.85 | $14.60 | $13.50 | No Bid | $14.24 |

Finalmente, la Junta reiteró los comentarios del Ing. Carlos Hernández vertidos en la *Minuta* del 6 de junio de 2025 y expresó lo siguiente:

> Los miembros de la Junta de Subastas, en la evaluación total del renglón durante la reunión celebrada el 20 de mayo de 2025, determinan de manera unánime que adjudican el Renglón #25 Servicios Profesionales de Seguridad de la Subasta General 01 2025-2026 a la empresa Sheriff Security Services, Inc., debido a la excelente experiencia con los servicios prestados durante los pasados cinco (5) años, la eficiencia en la prestación de servicios y la excelente supervisión del puesto, lo que beneficia los mejores intereses del Municipio Autónomo de Aibonito.
>
> El detalle de los renglones adjudicados, las minutas, los pliegos y otros documentos relacionados se encuentran archivados en el expediente de la subasta en la Oficina de Secretaría Municipal en la Casa Alcaldía de Aibonito.

Inconforme con este dictamen, el 20 de junio de 2025, Unique presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE AIBONITO AL NO ADJUDICAR LA SUBASTA A FAVOR DE UNIQUE, TODA VEZ QUE FUE EL POSTOR MÁS BAJO CUYA ELECCIÓN ES LA MEJOR ALTERNATIVA PARA BENEFICIO DEL ERARIO PÚBLICO.**
>
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE AIBONITO TODA VEZ QUE NO EXPUSO RAZONES DE INTERÉS PÚBLICO QUE JUSTIFICARAN NO OTORGARLE LA SUBASTA A UNIQUE, SIENDO ESTE EL POSTOR MÁS BAJO.**
>
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE AIBONITO AL NO INCLUIR EN SU NOTIFICACIÓN LAS RAZONES POR LAS CUALES NO SE LE ADJUDICÓ LA SUBASTA AL RESTO DE LOS LICITADORES.**

Cabe precisar que, junto a este recurso, Unique presentó una solicitud de auxilio de jurisdicción. En esta solicitó la paralización de los procedimientos de contratación con Sheriff hasta tanto este Tribunal resolviera el recurso de epígrafe. Atendido el recurso, el 20 de junio de 2025, emitimos una *Resolución* declarando Ha Lugar la solicitud de auxilio de jurisdicción. En consecuencia, ordenamos la paralización de los procedimientos de subasta. Además, le concedimos a la Junta hasta el 30 de junio de 2025 para presentar su postura en cuanto el recurso. Oportunamente, la recurrida presentó su *Alegato en Oposición de la Parte Recurrida* y negó haber cometido los errores que Unique le imputó.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

## II.

### -A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35

(2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. *MCS Advantage, Inc. v. Fossas Blanco,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Masso,* 194 DPR 96,104 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez López y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso,* supra, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su

naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción.

**-C-**

El derecho a cuestionar una resolución administrativa mediante revisión judicial proviene del derecho constitucional al debido proceso de ley, y por ello, es indispensable que las agencias cumplan cabalmente con el requisito de notificación adecuada. *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010). Para que todo procedimiento cumpla con el debido proceso de ley en su vertiente procesal, se requiere que, en primer lugar, que se cumpla con una notificación adecuada. Íd. El deber de notificar a las partes adecuadamente no constituye un mero requisito, esto ya que una notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia. *Olivo v. Srio. de Hacienda,* 164 DPR 165, 178 (2005).

Una notificación adecuada brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada, y les otorga una mayor oportunidad de decidir si ejercen o no los remedios disponibles en ley. *Picorelli López v. Depto. de Hacienda, supra,* pág. 737. Así, "se obtiene un balance justo entre los derechos de todas las partes y se logra un ordenado sistema de revisión judicial". Íd. En protección de este derecho, el Tribunal Supremo resolvió que "no se le pueden oponer los términos jurisdiccionales para recurrir de una determinación administrativa a una parte que no ha sido notificada de dicha determinación conforme a derecho". *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 1015 (2008).

Finalmente, el Art. 1.050 de la Ley Núm. 107-2020, según enmendada, mejor conocida como *Código Municipal de Puerto Rico* (Ley Núm. 107-2020), 21 LPRA sec. 7081, en lo pertinente, dispone que la revisión judicial en los procesos de adjudicación de subastas que realice la Junta de Subastas será de la siguiente forma:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio.

Sin embargo, lo anterior se trata del término para acudir en revisión, una vez la parte cuente con una notificación adecuada. Para determinar lo que es una notificación adecuada, pasamos a discutir el procedimiento de subasta y lo establecido jurisprudencialmente al respecto.

**-D-**

En el caso de municipios, tanto las subastas tradicionales, así como el requerimiento de propuestas que adjudique una Junta de Subastas municipal están preceptuadas por la Ley Núm. 107-2020, *supra*. Específicamente, el Art. 2.040 de la referida ley, 21 LPRA sec. 7216, establece que la Junta de Subastas adjudicara todas las subastas que se requieran por ley, ordenanza o reglamento. Asimismo, dicha disposición en su inciso (a) exige que se cumplan con ciertos criterios de adjudicación, entre estos, que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad

comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. Íd. **Además, puntualiza que la Junta de Subastas tiene el deber de notificarle a todos los licitadores no agraciados las razones por la cuales no se le adjudicó la subasta.** (Énfasis nuestro) Íd. Por último, establece que la Junta no necesariamente tiene que adjudicarle la subasta al postor más bajo si con ello beneficia al interés público, pero tiene la obligación de hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifiquen tal adjudicación. Íd.

En contraste con lo anterior, los tribunales tenemos la obligación de asegurar que las entidades públicas cumplan con las disposiciones normativas aplicables y con los reglamentos y procedimientos adoptados por ellas para regir la celebración de subastas para la adquisición de bienes y servicios del sector privado. *RBR Const. S.E. v. A.C.,* 149 DPR 836, 856 (1999). También, debemos asegurar que en estos procesos se trate de forma justa e igualitaria a todos los licitadores, al momento de recibir y evaluar sus propuestas y de adjudicar la subasta. Íd.

Los tribunales reconocemos la discreción de las juntas de subastas, "al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *CD Builders v. Mun. Las Piedras,* supra, pág. 348-349. Esta discreción les permite a las agencias adjudicar la subasta al postor que consideren más apropiado, aun cuando no sea el más bajo, si con ello se sirve al interés público. *Caribbean Communications v. Pol. de PR,* 176 DPR 978, 1007 (2009). No obstante, los procedimientos de subastas son procedimientos con ciertas características adjudicativas, por eso, una vez se ha tomado la decisión administrativa, la parte adversamente afectada tiene

derecho a solicitar la revisión judicial. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877 (1999).

**En relación con la notificación de adjudicación de la subasta, la jurisprudencia dispone que se debe incluir lo siguiente: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.** (Énfasis suplido) *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 743-744 (2001). **Cuando se incumple con estos requisitos, la notificación no es válida.** (Énfasis suplido) Íd. **El requerimiento de que se incluyan los fundamentos en la notificación asegura que los tribunales podamos revisar esos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable.** (Énfasis suplido) *Junta Dir. Portofino v. P.D.C.M.*, 173 DPR 455, 467 (2008).

El criterio de la notificación adecuada cobra especial importancia en el caso de subastas públicas, debido a que estas implican directamente el desembolso de fondos públicos. *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra, págs. 742. De ahí que, de no existir esta norma, el tribunal se vería en la necesidad de celebrar un juicio *de novo* cada vez que fuera a revisar las actuaciones de las agencias y los municipios, lo que sería sumamente ineficiente y promovería que esos organismos fundamentaran sus actuaciones *a posteriori. Pta. Arenas Concrete, Inc. v. J. Subastas,* supra, págs. 743.

III.

En su primer señalamiento de error, Unique argumentó que la Junta erró al no adjudicarle la subasta ya que fue el postor más bajo. En su segundo señalamiento de error, alegó que la Junta erró

al no exponer las razones de interés público que justificaban no otorgarle la subasta. Por último, en su tercer señalamiento de error, sostuvo que la Junta incidió al no incluir en su notificación de adjudicación las razones por las cuales no se le adjudicó la subasta al resto de los licitadores.

De entrada, cabe reiterar que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que la notificación de la adjudicación de la subasta fue defectuosa y, por ende, el término de diez (10) días que dispone la ley para recurrir ante nos no ha comenzado a transcurrir.

Conforme al precitado derecho, la notificación adecuada es un corolario del debido proceso de ley toda vez que este derecho le permite a las partes a impugnar un dictamen con una defensa adecuada. Así pues, la insuficiencia de fundamentos para llegar a dicha determinación entorpece la capacidad de la parte perdidosa de impugnar una determinación con argumentos oportunos. Es por ello que nuestro el tribunal Supremo delimitó los criterios que el Tribunal debe considerar al momento de revisar si la notificación de adjudicación de una subasta fue adecuada.

A tenor con lo anterior, nuestra jurisprudencia ha establecido de forma clara que para que una notificación de adjudicación de subasta sea adecuada y válida debe contener, al menos, los siguientes elementos: (1) los nombres de todos los licitadores que participaron en la subasta y una síntesis de sus respectivas propuestas; (2) los factores o criterios específicos considerados para adjudicar la subasta; (3) los defectos o deficiencias, si alguno, que tuvieron las propuestas de los licitadores no seleccionados; y (4) la disponibilidad del remedio y el plazo para solicitar reconsideración

o revisión judicial. *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra, págs. 743-744.

De un análisis minucioso del expediente administrativo ante nuestra consideración, surge que en la misiva mediante la cual la Junta notificó la adjudicación de la subasta, únicamente se incluyeron tres elementos: (1) los nombres de las compañías licitadoras, (2) el precio por hora cotizado por cada una para el servicio solicitado, y (3) la advertencia sobre la disponibilidad de la revisión judicial y su correspondiente término. Sin embargo, la Junta incumplió con varios requisitos esenciales que son indispensables para garantizar un procedimiento justo y transparente.

En primer lugar, la notificación careció de una síntesis significativa del contenido de las propuestas sometidas por los licitadores, lo cual no se satisface con la mera inclusión del precio por hora. Las propuestas pueden contener elementos cualitativos relevantes, como experiencia, plan de trabajo o recursos humanos, que debieron ser resumidos adecuadamente. Además, la Junta no expuso los criterios específicos que utilizó para adjudicar el renglón a Sheriff. La expresión genérica de que Sheriff fue favorecida por su "excelente experiencia, eficiencia y supervisión" no constituye una exposición clara ni suficiente de los factores utilizados en la evaluación, ni explica cómo esos criterios fueron aplicados de forma comparativa. Por otro lado, se omitió cualquier mención a los defectos u omisiones que pudieron haber tenido las propuestas de Unique, West Security Services, Inc. y Surveillance Net Force, impidiendo así que estos licitadores comprendieran por qué no fueron seleccionados y limitando su capacidad para ejercer sus derechos de impugnación de forma informada. Finalmente, tampoco se incluyó justificación alguna, conforme al interés público, sobre las razones que condujeron a adjudicar a Sheriff, como

expresamente exige el Artículo 2.040 de la Ley Núm. 107-2020, *supra*. Esta omisión resulta particularmente grave cuando la adjudicación no recae en el licitador con la oferta económica más favorable, lo cual obliga a una justificación más rigurosa.

En vista de lo anterior, es evidente que la notificación de adjudicación emitida por la Junta careció de varios elementos esenciales que nuestra jurisprudencia y la normativa vigente exigen. Al omitir esos detalles sustantivos, se lesionó el derecho de notificación adecuada de los licitadores perjudicados, impidiéndoles ejercer de manera efectiva su derecho a reconsiderar o impugnar la determinación tomada.

Si bien es cierto que la Junta tiene la autoridad de adjudicarle la subasta a un postor que no sea necesariamente el más bajo, también tiene el deber de fundamentar su adjudicación de manera detallada cumpliendo con los requisitos jurisprudenciales para efectuar una notificación adecuada. El incurrir en incumplimiento con lo antes expuesto nos impide como foro revisor evaluar si, en efecto, la actuación de la agencia fue arbitraria, irrazonable o caprichosa. Por tal razón, estamos obligados a desestimar el recurso de epígrafe por falta de jurisdicción por prematuridad.

Así pues, precisamos que a partir del momento en que la parte recurrida enmiende la notificación de adjudicación para atemperarlo a los requisitos establecidos en nuestro ordenamiento jurídico, es que comenzará a transcurrir el término que provee la Ley Núm. 107-2020, *supra*, para que Unique presente su recurso de revisión ante este foro apelativo.

IV.

Por los fundamentos antes esbozados, ***desestimamos*** el recurso por falta de jurisdicción debido a su presentación prematura. De igual forma, levantamos la paralización de los procedimientos de la subasta.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones